966 F.2d 1452
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Darrell JONES, Petitioner-Appellant,
v.
Rex ZENT, Warden, Respondent-Appellee.
 No. 91-4151.
 United States Court of Appeals, Sixth Circuit.
 June 12, 1992.
 
 1
 Before KENNEDY and SILER, Circuit Judges, and JOINER, Senior District Judge.*
 
 ORDER
 
 2
 Darrell Jones, a pro se Ohio prisoner, appeals a district court order denying his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In December 1988, a jury convicted Jones of felonious assault and endangering children for which he received an eight to fifteen year sentence. Jones filed a petition for a writ of habeas corpus alleging that his appellate counsel was ineffective for several reasons. The district court dismissed the petition finding Jones had not exhausted his state court remedy available under Ohio's post-conviction statute, Ohio Rev. Code § 2953.21. Jones filed this timely appeal contending that: 1) the district court erred by finding that he had not exhausted his state court remedies; and 2) even if he had not exhausted his state remedies, this requirement should have been waived. He has moved for release on bond pending appeal.
 
 
 4
 Upon de novo review, we conclude that the record demonstrates that Jones did not fairly present his ineffective assistance of appellate counsel claim to the appellate courts of Ohio and that he still has an available state remedy to pursue his claim. See generally Castille v. Peoples, 489 U.S. 346, 349 (1989); Rose v. Lundy, 455 U.S. 509, 518-20 (1982).
 
 
 5
 Although the district court's order directing Jones to file for post-conviction relief was erroneous, we may affirm the judgment for reasons other than those stated by the district court. See Foster v. Kassulke, 898 F.2d 1144, 1146 (6th Cir.1990); Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co., 772 F.2d 214, 216 (6th Cir.1985) (per curiam). Jones cannot seek relief by filing a post-conviction motion; however, he may still obtain state court review of his ineffective appellate counsel argument by seeking a delayed appeal with the Supreme Court of Ohio. See State v. Murnahan, 63 Ohio St.3d 60, 65-66, 584 N.E.2d 1204, 1208-09 (Ohio 1992). Enforcing the exhaustion requirement is proper under the circumstances of this case. See Granberry v. Greer, 481 U.S. 129, 134-35 (1987).
 
 
 6
 Accordingly, we deny the motion for release and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation