CASTILLE, DISTRICT ATTORNEY OF PHILADEL-
PHIA COUNTY, ET AL. *v.* PEOPLES

No. 87–1602.   Argued December 6, 1988–Decided February 22, 1989

SCALIA, J., delivered the opinion for a unanimous Court.

*Gaele McLaughlin Barthold* argued the cause for petitioners. With her on the briefs were *Elizabeth J. Chambers, William G. Chadwick, Jr.,* and *Ronald D. Castille, pro se.*

*Robert E. Welsh, Jr.,* by appointment of the Court, 488 U. S. 810, argued the cause and filed a brief for respondent.

JUSTICE SCALIA delivered the opinion of the Court.

Following a jury trial in the Pennsylvania Court of Common Pleas, respondent Michael Peoples, who had been arrested for robbing a man and then setting him on fire, was convicted of "arson–endangering persons," aggravated assault, and robbery. The Pennsylvania Superior Court affirmed his conviction on direct appeal. *Commonwealth* v. *Peoples,* 319 Pa. Super. 621, 466 A. 2d 720 (1983). Respondent then filed a *pro se* petition for allocatur and appointment of counsel with the Pennsylvania Supreme Court. Under Pennsylvania law, such allocatur review "is not a matter of right, but of sound judicial discretion, and an appeal will be allowed only when there are special and important reasons therefor." Pa. Rule App. Proc. 1114. The Pennsylvania Supreme Court granted the request for counsel without reaching the merits of the claims presented. Shortly thereafter, respondent, represented by appointed counsel, submitted a second petition for allocatur, raising some, but not all, of the claims he had raised *pro se.* On November 4, 1985, the Pennsylvania Supreme Court denied the second petition without opinion.

On July 28, 1986, respondent filed a petition for federal habeas relief in the United States District Court for the Eastern District of Pennsylvania, asserting: (1) that the prosecutor violated state law, and thereby due process, by cross-

examining him with regard to unrelated crimes; (2) that the Court of Common Pleas arbitrarily deprived him of his state-law right to a bench trial; (3) that the police used unreasonably suggestive identification procedures, which tainted the prosecution's in-court identifications; and (4) that defense counsel rendered ineffective assistance by failing to move to suppress various state's evidence obtained from an illegal arrest and search and seizure, and by failing to contest the introduction of evidence that respondent had acted in contempt of court by drastically altering his hairstyle just prior to a scheduled lineup.

After reviewing the procedural history of each claim, the District Court denied relief and dismissed the petition for failure to exhaust state remedies. Upon respondent's appeal, the United States Court of Appeals for the Third Circuit reversed and remanded for a hearing on the merits. *Peoples* v. *Fulcomer,* 838 F. 2d 462 (1987) (judgment order). The court found that claims (2) and (4) had first been raised in one or the other of the unsuccessful petitions for allocatur, but, without considering whether respondent could obtain review of these claims on state collateral review, held that such presentation sufficiently exhausted state remedies. Specifically, the Court of Appeals held that claims raised by respondent in either his *pro se* petition for allocatur or his later counseled petition for allocatur were exhausted by virtue of their inclusion in such petitions. It believed this result dictated by *Chaussard* v. *Fulcomer,* 816 F. 2d 925 (1987), an earlier Third Circuit opinion, which had read our case law to provide that "the exhaustion rule is satisfied when the state courts have had an 'opportunity to pass upon and correct' alleged violations of a prisoner's federal constitutional rights." *Id.,* at 928, quoting *Fay* v. *Noia,* 372 U. S. 391, 438 (1963). The *Chaussard* panel concluded that the discretionary nature of allocatur review by the Pennsylvania Supreme Court "does not affect the fact that [the] petition for allocatur . . . gave the highest Pennsylvania state court the opportunity to cor-

rect each alleged constitutional infirmity in [the] criminal convictio[n]." 816 F. 2d, at 928. We granted certiorari to consider whether the presentation of claims to a State's highest court on discretionary review, without more, satisfies the exhaustion requirements of 28 U. S. C. § 2254. 486 U. S. 1004 (1988).

Respondent's habeas petition should have been dismissed if state remedies had not been exhausted as to any of the federal claims. *Rose* v. *Lundy*, 455 U. S. 509 (1982). The exhaustion requirement, first enunciated in *Ex parte Royall*, 117 U. S. 241 (1886), is grounded in principles of comity and reflects a desire to "protect the state courts' role in the enforcement of federal law," *Rose* v. *Lundy, supra,* at 518. In addition, the requirement is based upon a pragmatic recognition that "federal claims that have been fully exhausted in state courts will more often be accompanied by a complete factual record to aid the federal courts in their review." 455 U. S., at 519. Codified since 1948 in 28 U. S. C. § 2254,* the exhaustion rule, while not a jurisdictional requirement, *Granberry* v. *Greer*, 481 U. S. 129 (1987), creates a "strong presumption in favor of requiring the prisoner to pursue his available state remedies." *Id.*, at 131; see also *Rose* v. *Lundy, supra,* at 515 ("[S]tate remedies must be exhausted except in unusual circumstances").

Today we address again what has become a familiar inquiry: *"To what extent* must the petitioner who seeks federal

---

*Section 2254 in relevant part provides:

"(b) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

"(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."

habeas exhaust state remedies before resorting to the federal court?" *Wainwright* v. *Sykes*, 433 U. S. 72, 78 (1977) (emphasis added). Title 28 U. S. C. § 2254(c) provides that a claim shall not be deemed exhausted so long as a petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." Read narrowly, this language appears to preclude a finding of exhaustion if there exists any possibility of further state-court review. We have, however, expressly rejected such a construction, *Brown* v. *Allen*, 344 U. S. 443, 448–449, n. 3 (1953), holding instead that once the state courts have ruled upon a claim, it is not necessary for a petitioner "to ask the state for collateral relief, based upon the same evidence and issues already decided by direct review." *Id.*, at 447. This interpretation reconciles § 2254(c) with § 2254(b), which provides that federal habeas review will lie where state corrective processes are "ineffective to protect the rights of the prisoner." It would be inconsistent with the latter provision, as well as with underlying principles of comity, to mandate recourse to state collateral review whose results have effectively been predetermined, or permanently to bar from federal habeas prisoners in States whose postconviction procedures are technically inexhaustible.

The Third Circuit's analysis in the present case derives from the manner in which we applied the holding of *Brown* in *Smith* v. *Digmon*, 434 U. S. 332 (1978) *(per curiam),* where, on direct review, the Alabama Court of Criminal Appeals had failed to address explicitly a claim that had been properly presented. *Chaussard, supra,* at 928–929. Finding for the petitioner, we stated in *Digmon* that "[i]t is too obvious to merit extended discussion that whether the exhaustion requirement of 28 U. S. C. § 2254(b) has been satisfied cannot turn upon whether a state appellate court chooses to ignore in its opinion a federal constitutional claim squarely raised in petitioner's brief in the state court, and, indeed, in this case, vigorously opposed in the State's brief." *Digmon, supra,* at

333. The reason that point was "too obvious to merit extended discussion" was that by then it was well settled that "once [a] federal claim has been *fairly presented* to the state courts, the exhaustion requirement is satisfied." *Picard* v. *Connor*, 404 U. S. 270, 275 (1971) (emphasis added). The Court of Appeals below held, and respondent contends here, that the submission of a new claim to a State's highest court on discretionary review constitutes a fair presentation. We disagree.

Although we have rejected a narrow interpretation of § 2254(c), we have not blue-penciled the provision from the text of the statute. It is reasonable to infer an exception where the State has actually passed upon the claim, as in *Brown;* and where the claim has been presented as of right but ignored (and therefore impliedly rejected), as in *Digmon.* In both those contexts, it is fair to assume that further state proceedings would be useless. Such an assumption is not appropriate, however—and the inference of an exception to the requirement of § 2254(c) is therefore not justified—where the claim has been presented for the first and only time in a procedural context in which its merits will not be considered unless "there are special and important reasons therefor," Pa. Rule App. Proc. 1114. Raising the claim in such a fashion does not, for the relevant purpose, constitute "fair presentation." See *Ex parte Hawk*, 321 U. S. 114 (1944) (application to Nebraska Supreme Court for original writ of habeas corpus does not exhaust state remedies); *Pitchess* v. *Davis*, 421 U. S. 482 (1975) *(per curiam)* (motions to the California Court of Appeal and the California Supreme Court for a pretrial writ of prohibition do not exhaust state remedies).

It follows from what we have said that it was error for the Court of Appeals to rest a conclusion of exhaustion upon respondent's presentation of his claims in petitions for allocatur. The requisite exhaustion may nonetheless exist, of course, if it is clear that respondent's claims are now procedurally barred under Pennsylvania law. See, *e. g., Engle* v.

*Isaac*, 456 U. S. 107, 125–126, n. 28 (1982); *Teague* v. *Lane*, *ante*, at 297–298. We leave that question for the Court of Appeals. The judgment of the Third Circuit is reversed, and the case is remanded for further proceedings consistent with this opinion.

*It is so ordered.*