880 F.2d 1321
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Paul Franklin LAMB, Petitioner-Appellant,
v.
Dewey SOWDERS, Warden; Attorney General, Commonwealth of
Kentucky, Respondents-Appellees.
 No. 88-6270.
 United States Court of Appeals, Sixth Circuit.
 July 26, 1989.
 
 Before WELLFORD and RYAN, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Paul Franklin Lamb appeals the order of the district court dismissing his petition for habeas corpus relief filed pursuant to 28 U.S.C. Sec. 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Lamb brought this habeas action alleging that he was denied a fair trial because the prosecutor used perjured testimony and because he received ineffective assistance of counsel.
 
 
 3
 The case was referred to a magistrate who recommended that Lamb be given an opportunity to show cause and prejudice sufficient to excuse his failure to object at trial or on appeal. Subsequently, the magistrate held that Lamb failed to make the requisite showing of cause and prejudice. The district court adopted the magistrate's report and recommendation and granted respondents' motion to dismiss.
 
 
 4
 We affirm. Having failed to present his claim in his initial RCr 11.42 motion, Lamb could not effectively file another such motion as RCr 11.42(3) requires a movant to assert all his issues in the first RCr 11.42 motion. Stamps v. Rees, 834 F.2d 1269, 1274 (6th Cir.1987). Lamb also did not otherwise fairly present his issues to the Kentucky Supreme Court in his state habeas corpus action in compliance with the exhaustion doctrine of 28 U.S.C. Sec. 2254(b) because the Kentucky Supreme Court utilizes a narrow threshold of review for such actions under Ky.R.Civ.P. 65.09. See Castille v. Peoples, 109 S.Ct. 1056, 1057 (1989).
 
 
 5
 Under these circumstances, because there are now no remedies for Lamb to pursue, he was required to establish cause and prejudice to warrant review of his claims. Teague v. Lane, 109 S.Ct. 1060, 1068 (1989). We conclude Lamb clearly failed to establish cause and prejudice, and thus his petition was properly dismissed.
 
 
 6
 Accordingly, we hereby affirm the order of the district court pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.