985 F.2d 577
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Frank Everett VOTH, Petitioner-Appellant,
v.
Carl ZENON, Superintendent, OSCI, Respondent-Appellee.
 No. 92-35482.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 27, 1993.*
Decided Feb. 1, 1993.
 
 Before REINHARDT, CYNTHIA HOLCOMB HALL and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Frank E. Voth, an Oregon state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition. We have jurisdiction under 28 U.S.C. § 2253 and review the denial de novo. Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989). We affirm.
 
 
 3
 Voth contends that the district court erred in holding that his claims were procedurally defaulted and thus barred from consideration in a habeas corpus petition. A state prisoner normally must exhaust available state remedies before a federal court may consider his petition for a writ of habeas corpus. 28 U.S.C. § 2254(b); Rose v. Lundy, 455 U.S. 509, 515 (1982). However, where there are no available state court remedies due to a procedural bar, a petition is considered exhausted for purposes of habeas review. Castille v. Peoples, 489 U.S. 346, 351 (1989); Engle v. Isaac, 456 U.S. 107, 128-29 (1982). In order for a court to consider the merits of a claim that is procedurally defaulted, a petitioner must demonstrate cause for failing to present a claim in state court and prejudice resulting from this failure, or that refusal to consider the merits of the petition would result in a fundamental miscarriage of justice. Murray v. Carrier, 477 U.S. 478, 487 (1986).
 
 
 4
 Here, Voth did not pursue a direct appeal of his October 12, 1989 conviction or file a state post-conviction petition. Under state law, his claims are now procedurally barred. See Or.Rev.Stat. § 138.510(2)(a) (petitioner must file a post-conviction petition within 120 days from the date the judgment of conviction is entered where petitioner does not file a direct appeal). Voth has demonstrated neither cause nor prejudice for the procedural default, nor that a fundamental miscarriage would result from failing to consider the merits of his habeas petition. See Carrier, 477 U.S. at 487. Therefore, his claims are barred from federal habeas review.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3