991 F.2d 787
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Ross K. BRAZELL, Petitioner-Appellant,
v.
Flora B. BOYD, Warden; Attorney General of the State of
South Carolina, Respondents-Appellees.
 No. 92-7029.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: February 10, 1993
Decided: April 5, 1993
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia. Falcon B. Hawkins, Chief District Judge. (CA-92-998-3-1AK)
 Ross K. Brazell, Appellant Pro Se.
 Donald John Zelenka, Chief Deputy Attorney General, Columbia, South Carolina, for Appellees.
 D.S.C.
 AFFIRMED.
 Before PHILLIPS and MURNAGHAN, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Ross K. Brazell, a South Carolina prisoner, seeks to appeal from the district court's order denying relief under 28 U.S.C. § 2241 (1988).[1] For the reasons stated below we grant a certificate of probable cause to appeal, modify the order of the district court, and affirm the order as modified.
 
 
 2
 Brazell is currently incarcerated on a number of state convictions. In 1992, while in custody, Brazell was reindicted and served with an arrest warrant for a 1987 murder. He had previously been indicted for this murder, but the prior indictment had been nol prossed by state authorities.
 
 
 3
 Brazell filed the present habeas petition challenging his reindictment on the murder charges. The Respondents moved for summary judgment, arguing that Brazell had failed to exhaust his state court remedies because he had not filed the proper motions in the state trial court. Brazell responded and presented evidence that the claim had been presented to and denied by the South Carolina Supreme Court. The case was referred to a magistrate judge who agreed with the Respondents that Brazell had not exhausted his state remedies because he had failed to present the claim to the proper court; he therefore recommended that the petition be dismissed.
 
 
 4
 The district court reviewed the magistrate judge's recommendation de novo, and adopted it. A final order was entered dismissing the petition. Brazell filed a timely notice of appeal.
 
 
 5
 Ordinarily, federal habeas corpus relief for a state prisoner is postconviction relief. However, pretrial habeas relief is available under § 2241 if the petitioner is in custody, has exhausted his state court remedies, and "special circumstances" justify the provision of federal review. Dickerson v. Louisiana, 816 F.2d 220, 224-26 (5th Cir.), cert. denied, 484 U.S. 956 (1987); see Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 489-90 (1973).
 
 
 6
 As the magistrate judge properly concluded, exhaustion is not shown when a claim is presented for the first time in a habeas action to the state's highest court in which the court will reach the merits only if there are special or important reasons to do so. See Castille v. Peoples, 489 U.S. 346, 351 (1989). The language of the South Carolina Supreme Court's order denying relief shows that this was the approach taken to Brazell's petition.
 
 
 7
 However, in his objections to the magistrate judge's report Brazell stated that he had presented the claim to the state trial court and that court had refused to consider it. The district court did not address this contention in its order adopting the report. The issue of exhaustion need not be resolved, however, because even if Brazell had exhausted his claims he is not entitled to relief under § 2241.
 
 
 8
 Because federal courts will normally abstain from interfering with an on-going state criminal proceeding, Younger v. Harris, 401 U.S. 37 (1971), even where the claims are exhausted the petitioner must demonstrate "special circumstances" which justify federal intervention, Dickerson, 816 F.2d at 225-26; Moore v. DeYoung, 515 F.2d 437, 443 (3d Cir. 1975).
 
 
 9
 While "special circumstances" lacks any precise, technical meaning, courts have essentially looked to whether procedures exist which would protect a petitioner's constitutional rights without pre-trial intervention. Moore, 515 F.2d at 449. Thus, where a threat to the petitioner's rights may be remedied by an assertion of an appropriate defense in state court no special circumstance is shown. Id.; see Drayton v. Hayes, 589 F.2d 117, 120-21 (2d Cir. 1979) (double jeopardy claim entitled to pretrial habeas intervention since "the very constitutional right claimed ... would be violated" if petitioner were forced to go to trial). Where the right may be adequately preserved by orderly post-trial relief, special circumstances are likewise nonexistent. Moore, 515 F.2d at 449.
 
 
 10
 Brazell essentially raised a speedy trial claim. In Moore, the court concluded that the federal court should abstain from considering such a claim at the pre-trial stage because the claim could be raised at trial and on direct appeal. See generally United States v. MacDonald, 435 U.S. 850 (1978); Dickerson, 816 F.2d at 226-27. Accordingly, the district court would have to abstain from addressing the speedy trial claim even if it were properly exhausted.[2]
 
 
 11
 In conclusion, we grant a certificate of probable cause to appeal. Pursuant to 28 U.S.C. § 2106 (1988), we modify the judgment of the district court to reflect that the case is dismissed without prejudice on abstention grounds pursuant to Younger. We affirm the decision as modified. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED AS MODIFIED
 
 
 [1]
 Though the district court treated this petition as one under 28 U.S.C. § 2254 (1988), because Brazell is challenging an indictment on which he has not yet been tried, the petition is more properly treated as one under § 2241
 
 
 [2]
 Brazell's petition might also be read to state a pre-indictment delay claim. See United States v. Automated Medical Labs., Inc., 770 F.2d 399, 401-02 (4th Cir. 1985) (substantial pre-indictment delay may violate a defendant's Fifth Amendment right to due process). Nonetheless, the same abstention analysis would apply