**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 14 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

DAVID SALAZAR,

      Petitioner-Appellant,

v.

ARISTEDES ZAVARAS; GALE
NORTON, Attorney General of the
State of Colorado,

      Respondents-Appellees.

No. 99-1289
(D. Colo.)
(D.Ct. No. 96-N-2236)

_____

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **EBEL**, and **LUCERO**, Circuit Judges.

      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

    [*] This order and judgment is not binding precedent except under the doctrines of law of the case, _res judicata_ and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appellant David Salazar, an inmate appearing *pro se*, appeals the district court's decision dismissing his petition filed pursuant to 28 U.S.C. § 2254 for failure to exhaust his administrative remedies. We deny Mr. Salazar's request for a certificate of appealability, deny his motion to proceed *in forma pauperis*,[1] and dismiss the appeal.

Mr. Salazar pled guilty and was convicted in state court for robbery, first degree criminal trespass and theft by receiving. These crimes occurred between August 6, 1986 and September 10, 1988. On September 12, 1989, the state trial court sentenced him to twenty years in prison. On April 30, 1992, the state district court denied his motion to withdraw his plea agreement on ineffective assistance of counsel grounds, and the Colorado Court of Appeals denied his appeal. On June 24, 1996, the state district court denied Mr. Salazar's post-conviction petition for good-time credit to reduce his sentence because he failed to: (1) file an inmate account record for proceeding *in forma pauperis*; (2) establish entitlement to good-time credit based on his misplaced reliance on a state statute relating only to crimes committed after July 1, 1979 but before July

---

[1] Having reviewed Mr. Salazar's request to proceed *in forma pauperis*, we deny his request, determining he has not shown his inability to pay or that he has established his good faith by presenting issues that are not plainly frivolous.

1, 1981; and (3) submit a time computation sheet showing his good-time credit, and thereby failed to provide adequate information to support his claim for relief. On July 5 and 9, 1996, after Mr. Salazar provided his inmate account record, the same state court denied Mr. Salazar's motions for rehearing, determining he possessed sufficient funds to pay the $150 appellant docket fee. Mr. Salazar did not appeal the state district court decision.

Two months later, on September 24, 1996, Mr. Salazar filed his federal § 2254 petition, claiming the state: (1) violated the terms of his plea bargain by not reducing his sentence to ten years; and (2) improperly denied him good-time credit for time served by retroactively applying a state statute. He claimed he did not appeal the state district court's post-conviction decision because he "was denied indigent status and could not pay [the] 150$ [sic] fee."

The district court referred the petition to a magistrate judge who recommended dismissing the petition. First, the magistrate judge determined Mr. Salazar failed to exhaust his administrative remedies by not appealing his post-conviction petition to the Colorado Court of Criminal Appeals. Alternatively, the magistrate judge found Mr. Salazar procedurally defaulted his unexhausted state claim because he "apparently did have sufficient funds to pay legal costs at an

earlier date, but now does not." As a consequence, the magistrate judge implicitly determined no adequate state remedy existed, and therefore considered Mr. Salazar's petition under the "cause and prejudice" and "miscarriage of justice" standards announced in *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). The magistrate judge found Mr. Salazar's conclusory allegations insufficient to show cause for his procedural default. Similarly, the magistrate judge determined Mr. Salazar did not allege facts sufficient to bring him within the miscarriage of justice exception for his procedural default. The district court adopted the magistrate judge's recommendation and dismissed the petition.

On appeal, Mr. Salazar argues the district court improperly dismissed his petition on grounds he failed to exhaust his state remedies and file an inmate account. He also argues the merits of his case, stating that the State of Colorado should be bound to the terms of his plea bargain in which it promised him a ten-, rather than a twenty-, year sentence.

We review the legal basis for the district court's dismissal of Mr. Salazar's § 2254 petition *de novo*. *See Rogers v. Gibson*, 173 F.3d 1278,1282 (10th Cir. 1999). Under 28 U.S.C. § 2254(b)(1), we may not grant a writ of habeas corpus unless it appears Mr. Salazar either exhausted his state remedies or no state

remedies exist to protect his rights. In this case, Mr. Salazar clearly did not exhaust his state remedies concerning his good-time credit argument, as he failed to appeal his post-conviction decision on that issue to the Colorado Court of Criminal Appeals. While the district court and the magistrate judge did not discuss any further exhaustion problems with Mr. Salazar's petition, we note Mr. Salazar never raised his plea bargain sentence reduction argument before the state court at any level.[2] Therefore, his argument that the state should reduce his sentence based on the terms of his plea bargain is barred from habeas corpus review for failure to exhaust his state remedies.[3]

As to the issue of procedural default on the good-time credit issue, the magistrate court gave Mr. Salazar the benefit of the doubt and determined that no state remedy was available to him because of the "catch-22" problem of the state court, determining he possessed the financial means to pay the appellate filing fee, while he claimed he did not. Where state remedies are no longer available

---

[2] While Mr. Salazar appealed the state district court's dismissal of his motion to withdraw his plea agreement on ineffective assistance of counsel grounds, nothing in the record shows Mr. Salazar, at that time, also raised the argument that the state should be required to reduce his sentence to ten, rather than twenty, years on the basis of his plea bargain.

[3] As to this issue, Mr. Salazar's petition is dismissed without prejudice.

because of state procedural default, a dismissal for failure to exhaust is not appropriate. *See Castille v. Peoples*, 489 U.S. 346, 350-51 (1989). However, federal habeas review of claims defaulted in state court is barred unless Mr. Salazar "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.

Mr. Salazar attempts to overcome procedural default on his good-time credit argument by making unsupported claims that he lacked the financial resources to pay the state appellate filing fee, even though the state district court determined otherwise. However, Mr. Salazar has not adequately alleged or shown he actually lacked financial resources, or that the state court's decision to the contrary is in error. Hence, he fails to demonstrate cause for his procedural default.[4] Finally, because Mr. Salazar failed to making a colorable showing of innocence, we also determine he has not demonstrated that failure to consider the

---

[4] In so holding, we note the district court incorrectly found that Mr. Salazar did not file an inmate account during his state post-conviction proceeding, but find this inaccuracy constitutes harmless error as it does not affect the outcome of Mr. Salazar's appeal.

claims will result in a fundamental miscarriage of justice.  Thus, even if Mr. Salazar procedurally defaulted his state claims, he has not met the requisite requirement for federal habeas corpus review.

In order to obtain a certificate of appealability, Mr. Salazar must make a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  He has failed to do so.

For these reasons, we **DENY** Mr. Salazar's request for a certificate of appealability, **DENY** his motion to proceed in *forma pauperis*, and **DISMISS** his appeal.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge