Townes v. NH                                    CV-99-262-M    05/04/00

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Bruce R. Townes,
     Petitioner

     v.                                         Civil No. 99-262-M
                                                Opinion No. 2000 DNH 103
State of New Hampshire,
     Respondent


                         **O R D E R**


     Pro se petitioner, Bruce Townes, brings this habeas corpus

petition seeking relief from his state conviction.  He raises

three claims: (1) the victim gave perjured testimony at his state

trial; (2) the prosecutor engaged in misconduct by suborning that

perjured testimony; and (3) the state trial court improperly

excluded exculpatory evidence (relating to his efforts to impeach

the victim's credibility).


     After having carefully reviewed the record, the court

concludes that Townes has failed to exhaust remedies available to

him in New Hampshire's court system.  See 28 U.S.C. §

2254(b)(1)(A) and (c). At best, his petition for habeas corpus is "mixed" insofar as it includes federal constitutional issues that plainly were not fairly presented to the New Hampshire Supreme Court.

**Discussion**

Following his conviction for felony criminal threatening, attempted first degree assault, and simple assault in a jury-waived trial, Townes appealed his conviction to the New Hampshire Supreme Court. In that appeal, he asserted that the trial court: (1) erred by denying his motion to dismiss for false arrest and for destruction of certain evidence; and (2) abused its discretion in concluding that the victim's testimony was credible. See State of New Hampshire v. Townes, No. 96-848 (N.H. Oct. 22, 1998) (copy attached to defendant's answer as Exhibit A). See also Petitioner's appellate brief to the New Hampshire Supreme Court (Exhibit K to defendant's answer).

2

With regard to his first two asserted grounds for relief in his present habeas petition (that the victim gave perjured testimony at trial and the prosecutor suborned that perjury), petitioner failed to raise the federal constitutional basis for either claim in his appellate brief to the New Hampshire Supreme Court. Arguably, the constitutional nature of petitioner's <u>false arrest</u> claim was presented to the New Hampshire Supreme Court (although it appears that the Court resolved the issue on other grounds). However, it does not appear that he advances any such claim in his current petition for habeas relief (nor does it appear that such a claim would have merit).[1]

---

[1] In support of his "false arrest" claim, petitioner seems to argue that because <u>he</u> called the 911 operator (during his scuffle with the victim) and reported a robbery, police officers should have been informed that they were responding to a robbery in progress, not a domestic disturbance. When they arrived at the scene, however, they discovered a visibly bruised victim, who had just leapt off a second story balcony in an apparent attempt to escape an on-going assault from petitioner. Petitioner appears to claim that notwithstanding the evidence gathered at the scene by responding police officers, his arrest for domestic violence was unsupported by probable cause (apparently because he, rather than the victim, actually summoned the police). As noted above, that claim would seem to have no merit.

3

With regard to petitioner's remaining claim (that the trial court improperly suppressed exculpatory evidence), the record is even more clear that petitioner failed to fairly present the constitutional aspects of that claim to the state's highest court. "[T]he exhaustion principle holds, in general, that a federal court will not entertain an application for habeas relief unless the petitioner first has fully exhausted his state remedies in respect to each and every claim contained within the application." Adelson v. DiPaola, 131 F.3d 259, 261 (1st Cir. 1997). And, to satisfy the exhaustion requirement, the petitioner must fairly present the federal (e.g., constitutional) aspect of each of those claims to the state courts. Consequently, the Supreme Court has concluded:

> If the exhaustion doctrine is to prevent unnecessary conflict between courts equally bound to guard and protect rights secured by the Constitution, it is not sufficient merely that the federal habeas applicant has been through the state courts. The rule would serve no purpose if it could be satisfied by raising one claim in the state courts and another in the federal courts. Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding does it make sense to speak of the exhaustion of state remedies. Accordingly, we have

4

> required a state prisoner to present the state courts
> with the same claim he urges upon the federal courts.

Picard v. Connor, 404 U.S. 270, 275 (1971) (citation and internal

quotation marks omitted).

Although petitioner alluded to the federal constitutional

dimensions of his final claim (improper suppression of evidence)

in his motion for rehearing or reconsideration filed with the New

Hampshire Supreme Court, this court has previously held that

"raising a new legal issue before the state supreme court for the

first time in a motion for reconsideration does not properly and

fairly present that issue to the court for consideration."

Mountjoy v. Pishon, No. 97-508-M (D.N.H. Oct. 26, 1998).  See

also Castille v. Peoples, 489 U.S. 346, 351 (1989) (holding that

it is not fair presentation of a claim, "where the claim has been

presented for the first and only time in a procedural context in

which its merits will not be considered unless 'there are special

and important reasons therefor.'") (quoting P.A. Rule App. Proc.

1114); N.H. Supreme Court Rule 22(2) (permitting parties to raise

in motions for reconsideration or rehearing only "points of law or fact that . . . the court has overlooked or misapprehended.").

## Conclusion

Charitably construing Townes' habeas petition and the underlying state court record, the court concludes that, at best, his petition is "mixed."  That is to say, it contains both exhausted and unexhausted claims and could, therefore, properly be dismissed.  See Rose v. Lundy, 455 U.S. 509, 522 (1982) ("a district court must dismiss habeas petitions containing both unexhausted and exhausted claims.").  In reality, however, as the defendant points out, it is more likely that none of petitioner's claims have been exhausted in the state system.

While the court could extend an option to petitioner to elect to pursue only those claims that have been exhausted (waiving all unexhausted claims), here the better course is to dismiss the petition without prejudice to refiling.  That will permit petitioner to reflect on the claims he wishes to pursue,

exhaust remedies still available to him regarding those claims, and refile his petition in this court based on specific, clearly exhausted claims.

The petition is dismissed, without prejudice.

**SO ORDERED.**

                               _____
                               Steven J. McAuliffe
                               United States District Judge

May 4, 2000

cc:  Bruce R. Townes
      Ann M. Rice, Esq.