Solomon Omar OSIRIS, Petitioner—Appellant,

v.

S. Frank THOMPSON, Respondent—Appellee.

No. 03–36039.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 7, 2004.

Decided Jan. 13, 2005.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Corinne J. Lai, Esq., Portland, OR, for Petitioner–Appellant.

Robert A. Weppner, Portland, OR, Janet A. Klapstein, AGOR–Office of the Oregon Attorney General, Salem, OR, for Respondent–Appellee.

Before: T.G. NELSON, RAWLINSON, Circuit Judges, and SCHWARZER,* District Judge.

## MEMORANDUM **

Solomon Omar Osiris appeals the district court's denial of his petition for habeas corpus on four grounds. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm.

■ Osiris waived his claim that the trial court violated his right to effective assistance of counsel when it excluded him from his own trial by failing to raise it before the district court.[1] Before the dis-

---

* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. See United States v. Oliver, 60 F.3d 547, 550 (9th Cir.1995).

trict court, Osiris asserted violations of his Fifth and Fourteenth Amendment rights to due process and equal protection and his Sixth Amendment right to confrontation on the ground of his exclusion, but not his Sixth Amendment right to effective assistance of counsel.

◼ Although Osiris's claim that the trial court violated his Sixth Amendment right to counsel by failing to allow his counsel to withdraw is included in the certificate of appealability,[2] the district court correctly determined that Osiris procedurally defaulted the claim. The court also correctly determined that he procedurally defaulted his claim that counsel rendered ineffective assistance by failing to call a potential witness as well. Osiris did not fairly present these claims to the Oregon courts.[3] He belatedly raised them before the Oregon Court of Appeals; however, he did so in a way that the court could not consider them.[4] Moreover, it is clear that the court did not, in fact, consider the claims.[5] Because the issues were not properly before the Oregon Court of Appeals, the Oregon Supreme Court also could not consider them.[6] Thus, Osiris procedurally defaulted the claims.[7] The other requirements of a procedural bar are not contested.

◼ The district court correctly determined that Osiris's ineffective assistance of counsel claim, based on counsel's alleged failure to mitigate the effects of Osiris's exclusion from trial, did not warrant granting the petition. The record supports the state court's finding that counsel reported back to the court regarding matters Osiris wanted addressed. Accordingly, it is clear that Osiris's assertion that we should treat his claims as though he were really proceeding without counsel, is incorrect. He was proceeding with counsel and, under *Strickland,* he must show prejudice.[8] Even if we were to conclude that Osiris could show by clear and convincing evidence that the findings of fact on which the district court relied and that he now contests were incorrect,[9] he could not establish prejudice. Accordingly, we affirm.

AFFIRMED.

---

2. The fact that Osiris asserted the ineffective assistance claim as a trial court error is not a problem. Courts, not merely counsel, may deprive defendants of effective assistance. *See Strickland v. Washington,* 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

3. *See Castille v. Peoples,* 489 U.S. 346, 351–52, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989).

4. *See* OR.REV.STAT. § 138.550 (stating that a petitioner must assert all grounds for relief in the original or amended postconviction petition); OR. R.APP. PROC. 5.45(1) (stating that an appellate court may consider only errors of law apparent on the face of the record if not raised below); *Oregon v. Reyes–Camarena,*

330 Or. 431, 7 P.3d 522, 525 (2000) (offering strict interpretation of Rule 5.45).

5. *See Reyes–Camarena,* 7 P.3d at 525 (requiring that appellate courts offer a reasoned explanation if they decide to exercise their discretion to consider a previously unraised issue under Rule 5.45).

6. *See* OR. R.APP. PROC. 9.20(2).

7. *Castille,* 489 U.S. at 351–52, 109 S.Ct. 1056.

8. *Strickland,* 466 U.S. at 691, 104 S.Ct. 2052.

9. *See* 28 U.S.C. § 2254(e).