**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 9, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MYRON RAY CARTER,

Petitioner-Appellant,

v.

JOE ORTIZ, Director,
Colorado Department of Corrections,

Respondent-Appellee.

No. 05-1548

(D.C. No. 05-CV-1790-ZLW)

(D. Colorado)

**ORDER**[*]

Before **HENRY, BRISCOE,** and **O'BRIEN**, Circuit Judges.

Myron Ray Carter, a Colorado state prisoner appearing pro se, seeks a certificate

of appealability (COA) in order to challenge the district court's dismissal without

prejudice of his 28 U.S.C. § 2241 habeas petition. Because Carter has failed to make "a

substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), we

deny his request and dismiss the matter.

I.

Carter is in the custody of the Colorado Department of Corrections (DOC) serving

sentences for his March 1988 criminal convictions. In September 2005, Carter initiated

---

[*] This order is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel.

this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his petition, Carter alleged that the DOC had "wrongfully deduct[ed] earned time credits," rather than good time credits, as a result of his disciplinary convictions. Carter further alleged that the DOC "wrongfully gave [a] private contractor," Corrections Corporation of America, "authority to make final decisions on disciplinary hearings that unlawfully affected [his] discharge date from prison." ROA, Doc. 3 at 4. According to Carter, the result of these alleged violations was that he was being confined past the date on which he should have been released from DOC custody.

On October 3, 2005, the magistrate judge assigned to the case issued an order directing Carter to file an amended habeas petition. In doing so, the magistrate judge concluded that Carter's original petition was "disorganized," "vague," and "fail[ed] to provide a short and plain statement of his claims showing that he [wa]s entitled to relief." Id., Doc. 5 at 2. Carter responded by filing an amended petition on October 17, 2005. Carter's amended petition, however, was substantially similar in content to his original petition. On November 21, 2005, the district court concluded that Carter had failed to fairly present his claims to the Colorado Supreme Court for review and thus dismissed Carter's application without prejudice for failure to exhaust state court remedies. On December 13, 2005, the district court denied Carter a COA. Carter has since filed a notice of appeal, which we construe as a request for COA. See Fed. R. App. P. 22(b)(2) ("If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals.").

II.

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

After reviewing the record on appeal, we conclude that Carter has failed to make either of these requisite showings. Turning first to the district court's procedural ruling, we agree with the district court that Carter has not fairly presented his claims to the Colorado Supreme Court. Prior to filing his federal habeas petition, Carter filed a petition for writ of habeas corpus in state district court. After the state district court denied that petition on the merits, Carter did not file a direct appeal. Instead, he filed with the Colorado Supreme Court a pleading asking it to exercise its original jurisdiction over his claims. The district court concluded, and reasonably so in our view, that this unusual procedure utilized by Carter did not amount to "fair presentation" of his claims to the Colorado Supreme Court. See Castille v. Peoples, 489 U.S. 346, 351 (1989) (concluding that fair presentation does not occur "where the claim has been presented for the first and only time in a procedural context in which its merits will not be considered unless there

-3-

are special and important reasons therefor") (internal quotation marks omitted). Thus, in turn, we agree with the district court that Carter has failed to exhaust his state court remedies.

Even assuming, for purposes of argument, that Carter has exhausted his state court remedies, we are not persuaded that Carter's amended petition states a valid claim of deprivation of a constitutional right. As noted by the Colorado state district court that rejected Carter's state habeas petition, Colorado law expressly authorizes the DOC to "withhold" or "withdraw" any "earned time deduction[s]" for inmates, such as Carter, who were sentenced for crimes committed on or after July 1, 1985. Colo. Rev. Stat. § 17.22.5-302(4). In other words, for inmates such as Carter who were sentenced for crimes committed on or after July 1, 1985, any earned time deductions they receive do "not vest upon being granted and may be withdrawn [by the DOC] once they [are] granted." Id. Thus, even assuming that the DOC deducted earned time credits as a result of Carter's disciplinary convictions (a fact that Carter has not established in the exhibits he submitted to the district court), that did not result in a violation of Colorado state law, much less the United States Constitution. As for Carter's allegations concerning the Corrections Corporation of America, we conclude they are too vague to state a valid claim for federal habeas relief.

The request for a COA is DENIED, the motion to proceed IFP is DENIED, and the matter is DISMISSED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge