**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 19, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

KEVIN HERRERA,

      Petitioner-Appellant,

    v.

SUSAN JONES, Colorado State
Penitentiary; THE ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

      Respondents-Appellees.

No. 08-1396
(D. Colorado)
(D.C. No. 1:08-CV-01575-ZLW)

---

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

---

Before **BRISCOE**, **MURPHY,** and **HARTZ**, Circuit Judges.

---

This matter is before the court on Kevin Herrera's pro se requests for a

certificate of appealability ("COA") and to proceed on appeal *in forma pauperis*.

Herrera seeks a COA so he can appeal the district court's dismissal without

prejudice of his 28 U.S.C. § 2254 petition. 28 U.S.C. § 2253(c)(1)(A). We **grant**

Herrera's request to proceed on appeal *in forma pauperis*. Because Herrera has

not, however, "made a substantial showing of the denial of a constitutional right,"

*id.* § 2253(c)(2), this court **denies** his request for a COA and **dismisses** this

appeal.

Herrera was convicted in Colorado state court of one count of conspiracy to commit murder and two counts of accessory to first degree murder; he was sentenced to a cumulative term of forty-four years' imprisonment. Herrera's convictions were affirmed on direct appeal to the Colorado Court of Appeals and the Colorado Supreme Court denied Herrera's petition for a writ of certiorari. Herrera then filed the instant § 2254 petition in federal district court raising eight claims of constitutional error. The district court dismissed Herrera's petition without prejudice, concluding none of the claims asserted in Herrera's petition were exhausted in state court.

In particular, the district court recognized that although Herrera had attempted to raise in state court the first seven claims set out in his § 2254 petition, he had done so in a procedurally improper fashion. That is, after having already filed a brief on direct appeal, state-court appellate counsel sought leave to file a supplement to the opening brief raising the first seven issues set out in the instant § 2254 petition. In so doing, state-court appellate counsel informed the Colorado Court of Appeals that Herrera was insisting the additional issues be raised on appeal. Nevertheless, the Colorado Court of Appeals denied the motion to supplement and struck the proposed supplement to the opening brief. Thus, these issues were never considered on the merits in state court. Because Herrera had not identified any applicable Colorado law authorizing the filing of supplements to opening briefs, the district court concluded Herrera's procedurally

improper attempt to raise the issues in state court did not exhaust them for purposes of federal habeas review. *Castille v. Peoples*, 489 U.S. 346, 351 (1989) (holding that a "claim has been presented for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor, . . . [r]aising the claim in such fashion does not . . . constitute fair presentation" for purposes of the habeas exhaustion requirement). As to the eighth claim in Herrera's § 2254 petition, ineffective assistance of counsel, the district court simply noted it was unexhausted because it was not raised on direct appeal or in any state post-conviction proceedings.

The granting of a COA is a jurisdictional prerequisite to Herrera's appeal from the dismissal of his § 2255 petition. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To be entitled to a COA, Herrera must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, the district court resolves a habeas petition on procedural grounds, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Thus, because the district court resolved Herrera's habeas petition on procedural grounds, he can obtain a COA only by showing reasonable jurists would find debatable both that (1) his petition states a valid claim of the denial of

a constitutional right, and (2) the district court was correct in its procedural ruling. *Id.*

Having undertaken a review of Herrera's appellate filings, the district court's Order, and the entire record before this court, we conclude Herrera is not entitled to a COA. The district court's well-stated dismissal without prejudice of Herrera's § 2254 petition on the ground it contained unexhausted claims is not reasonably subject to debate. Accordingly, this court **DENIES** Herrera's request for a COA and **DISMISSES** this appeal.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge