**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 07-2688

LAJUAN MELTON,

Petitioner-Appellant,

v.

LOIS RUSSO, et al.,

Respondents-Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. George A. O'Toole, Jr., U.S. District Judge]

Before

Lynch, Chief Judge,
Farris[*] and Boudin, Circuit Judges.

Anne E. Gowen for appellant.
Eva M. Badway, Assistant Attorney General, Criminal Bureau, with whom Martha Coakley, Attorney General, was on brief for appellee.

April 23, 2009

---

[*]Of the Ninth Circuit, sitting by designation.

**FARRIS, Circuit Judge.** Lajuan Melton appeals the district court's denial of his petition for habeas corpus for failure to exhaust a claim pursuant to 28 U.S.C. § 2254(b). We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

A claim that appears for the first time on discretionary review before a state's highest court does not satisfy the exhaustion requirement of § 2254(b). Castille v. Peoples, 489 U.S. 346, 351 (1989). Melton argues that he first raised his Sixth Amendment right to counsel claim on non-discretionary review before the Massachusetts Appeals Court. This argument fails. Melton's brief before the Appeals Court mentioned neither the Sixth Amendment nor the federal constitutional right to counsel. The brief's reference to a constitutional "right to closing argument" did not present Melton's Sixth Amendment claim "face-up and squarely . . . ." Martens v. Shannon, 836 F.2d 715, 717 (1st Cir. 1988). At most, it was a "passing reference" insufficient to preserve the claim for habeas review. Fortini v. Murphy, 257 F.3d 39, 44 (1st Cir. 2001) (quoting Martens, 836 F.2d at 717). Melton was no more explicit regarding his Sixth Amendment claim in oral argument before the Appeals Court than he was in his brief. He has failed to exhaust the claim pursuant to § 2254(b).

**AFFIRMED.**