THOMAS, Circuit Judge,
concurring in part and dissenting in part:
I agree with the majority that Castle has exhausted the issues raised in his second petition for post-conviction relief and that we should deny them on the merits. However, controlling precedent compels the conclusion that Castle has also sufficiently exhausted his federal double-jeopardy claim before the Arizona Court of Appeals. Therefore, I concur in Section II of the memorandum disposition but respectfully dissent from Section I.
A federal claim, raised for the first time on discretionary review, is nonetheless exhausted if the reviewing court addresses the merits of the claim. See Chambers v. McDaniel, 549 F.3d 1191, 1196 (9th Cir.2008) (citing Greene v. Lambert, 288 F.3d 1081, 1086 (9th Cir.2002)). The majority concludes that the Arizona Court of Appeals did not address the merits of Castle’s federal claim because the court issued a summary denial and the claim was procedurally defaulted. As a result, the majority reasons, the Arizona state courts were not given a fair opportunity to evaluate the merits of Castle’s federal claim.
This conclusion, however, is founded on the erroneous assumption that if a reviewing court summarily denies a procedurally defaulted claim, then the denial must have been based on procedural grounds. To the contrary, our Circuit starts from precisely the opposite premise. See, e.g., Hunter v. Aispuro, 982 F.2d 344, 347-48 (9th cir. *929 1992) (holding that a reviewing court’s “bare,” “unexplained denial” of a procedurally defaulted federal claim is assumed to be a denial on the merits); accord Chambers, 549 F.3d at 1196-97 (9th Cir.2008); Greene, 288 F.3d at 1087 (“We construe[ ] a bare postcard denial ... as a decision on the merits, for purposes of the exhaustion requirement, unless that court expressly relied on a procedural bar.” (emphasis added)).
Here, the Arizona Court of Appeals did not expressly deny Castle’s petition on procedural grounds, and there is no reason to assume it did so. If anything, in accordance with our settled guiding principles, we should assume the court denied the petition on the merits. See id.; Chambers, 549 F.3d at 1196-97. This assumption does not depend, as the majority suggests, on the procedural steps a petitioner is ordinarily required to first take in the lower courts (e.g., here, Arizona Rule of Criminal Procedure 32). See Chambers, 549 F.3d at 1196-97. In Chambers, for instance, our analysis hinged solely on the Nevada high court’s ambiguous response to the petition, not whether the petitioner had taken the appropriate procedural steps below. Id. In fact, we encounter this type of issue precisely because the petitioner did not correctly follow the requisite procedure. Accordingly, our analysis here—consistent with our controlling precedent in Chambers—should focus on the conduct of the Arizona Court of Appeals and not Castle’s procedural maneuverings below.
Castille v. Peoples, 489 U.S. 346, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989) is not to the contrary, as the majority suggests. The rule from Castille, upon which the majority relies, can be stated as follows: If (1) a petitioner raises a federal claim for the first time in a purely discretionary and “extraordinary” petition and (2) the reviewing court denies the petition without any comment whatsoever, then the federal claim is not exhausted. See Greene, 288 F.3d at 1087 n. 2 (discussing Castille, 489 U.S. 346, 109 S.Ct. 1056); Chambers, 549 F.3d at 1196-97 (discussing Castille, 489 U.S. 346, 109 S.Ct. 1056).
Castille is easily distinguished from the rule we announced in Chambers, namely that if (1) a petitioner raises his federal claim for the first time in a discretionary petition and (2) the language of the reviewing court’s summary denial ambiguously suggests the court might have considered the merits of the federal claim, then the claim is exhausted unless the court expressly relied on procedural grounds in denying the claim. See Chambers, 549 F.3d at 1196-97; Greene, 288 F.3d at 1087 (citing Harris v. Super. Ct., 500 F.2d 1124 (9th Cir.1974) (en banc); Hunter v. Aispu-ro, 982 F.2d 344 (9th Cir.1992)).
Chambers—and not Castille—governs this case. In Chambers, as here, we confronted the question of whether a federal claim was exhausted when it had been presented for the first time on discretionary review. There, the Nevada Supreme Court summarily denied the petition, stating, “We have considered the petition on file herein, and we are not satisfied that this court’s intervention by way of extraordinary relief is warranted at this time.” 549 F.3d at 1195.
In light of this statement, we held that Castille did not apply. Chambers, 549 F.3d at 1196-98. Even though the statement was “curt and ambiguous,” the Nevada Supreme Court stated it had “considered the petition on file.” Id. at 1196-97. Because the Court did not deny the petition “without comment or opinion,” Cas-tille did not apply. Id. at 1196. Instead, we applied the rule from Greene, Harris, and Hunter (as discussed above) and concluded that the statement could only “fair[ly] and plausib[ly]” be read to sug *930 gest that the Nevada Supreme Court had considered the merits of the claim. Id. at 1197. As a result, the petitioner had exhausted his federal claim.
Here, the language of the Arizona Court of Appeals’ order is virtually identical to the order in Chambers. The Arizona Court of Appeals’ order denying Castle’s petition stated:
Presiding Judge Diane M. Johnsen, and Judges Michael J. Brown and Sheldon H. Weisberg have considered this petition for review from the trial court’s denial of post-conviction relief. IT IS ORDERED denying review.
Just as in Chambers, the Arizona Court of Appeals commented that it had “considered this petition.” And, just as in Chambers, since the Court did not deny the petition “without comment or opinion,” Castille does not apply. Id. at 1196. Rather, the Chambers rule should be applied. Because the Arizona Court of Appeals did not “expressly rely” on procedural grounds in denying Castle’s petition, the denial should be construed as a denial on the merits, which means Castle’s claim is exhausted.
For these reasons, I respectfully dissent from Section I of the memorandum disposition.