[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-13954

Non-Argument Calendar

_____

JASON A. GALLAGHER,

Petitioner-Appellant,

*versus*

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:11-cv-01311-MSS-TGW

_____

Before JILL PRYOR, BRANCH, and BLACK, Circuit Judges.

PER CURIAM:

Jason Gallagher, a Florida state prisoner proceeding *pro se*, appeals the district court's denial of his amended 28 U.S.C. § 2254 habeas corpus petition. We granted a certificate of appealability on the following issue:

> Whether the district court erred in concluding that Gallagher's claim that the trial court violated his right to due process by denying his motion for a judgment of acquittal on the kidnapping charge was procedurally defaulted?

After review,[1] we affirm the district court.

Before seeking habeas relief for a violation of federal law under 28 U.S.C. § 2254, a petitioner "must exhaust all state court remedies available for challenging his conviction." *Preston v. Sec'y, Fla. Dep't of Corr.*, 785 F.3d 449, 457 (11th Cir. 2015) (quotation marks omitted); 28 U.S.C. § 2254(b), (c). In order to exhaust state court remedies, the petitioner must "fairly present[]" every issue raised in his federal petition to the state's highest court. *Castille v. Peoples*, 489 U.S. 346, 351 (1989) (emphasis and quotation marks omitted). "[O]rdinarily a state prisoner does not 'fairly present' a claim to a

_____

[1] "Whether a claim is exhausted is a mixed question of fact and law which this court reviews *de novo*." *Green v. Nelson*, 595 F.3d 1245, 1254 (11th Cir. 2010).

state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Baldwin v. Reese*, 541 U.S. 27, 32 (2004). Although we "do not require a verbatim restatement of the claims brought in state court," the claims the prisoner presented to the state court must allow a "reasonable reader [to] understand each claim's particular legal basis and specific factual foundation." *McNair v. Campbell*, 416 F.3d 1291, 1302 (11th Cir. 2005) (quotation marks omitted). "A § 2254 petitioner who fails to raise his federal claims properly in state court is procedurally barred from pursuing the same claims in federal court." *Owen v. Sec'y, Dep't of Corr.*, 568 F.3d 894, 907 (11th Cir. 2009) (quotation marks and brackets omitted).

Although the exhaustion requirement's "broad principles are relatively clear," the minimum requirements a habeas petitioner must meet in order to exhaust his remedies are not. *See McNair*, 416 F.3d at 1302 (noting "many courts have struggled to pinpoint the minimum requirements" for exhaustion). To provide guidance, the Supreme Court has stated a petitioner can exhaust his state court remedies "by citing in conjunction with the claim the federal source of law on which he relies . . . [, by citing] a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" *Baldwin*, 541 U.S. at 32. A filing in state court does not fairly present a federal constitutional claim where it provides "no citation of any case that might have alerted the court to the alleged federal nature of the claim." *See id.* at 33. Further, we have stated

a habeas petitioner does not exhaust his remedies by merely (1) going through the state courts; (2) presenting to the state courts all the facts necessary to support the federal claim; or (3) presenting to the state courts a "somewhat similar state-law claim." *McNair*, 416 F.3d at 1302-04 (quotation marks omitted) (holding McNair's state court arguments were insufficient to exhaust his state court remedies because he did not mention the federal standard that extraneous evidence is presumptively prejudicial or "cite[] any United States Supreme Court or federal appellate court case dealing with extraneous evidence"); *see also Preston*, 785 F.3d at 457-59 (concluding Preston failed to expressly exhaust his Florida court remedies as he did not even hint to the Florida courts he intended to raise a federal claim, because he: (1) did not rely on a single federal case, but relied only on Florida cases discussing premeditation under Florida law; (2) never mentioned the federal Due Process Clause or any other federal constitutional provision; and (3) did not cite to, or mention, the *Jackson*[2] standard for assessing sufficiency-of-the-evidence claims).

The district court did not err in denying Gallagher's amended § 2254 petition because he failed to exhaust the available state remedies for his federal sufficiency-of-the-evidence claim and

---

[2] In *Jackson v. Virginia*, the United States Supreme Court held the federal standard for determining whether the evidence was sufficient to support a criminal conviction is whether, after viewing the evidence presented at trial, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. 443 U.S. 307, 318 (1970). Sufficiency claims are judged by the substantive elements of the crime as defined by state law. *Id*. at 324 n.16.

thus procedurally defaulted the federal claim. In his brief on direct appeal in state court challenging the trial court's denial of his motion for judgment of acquittal on the kidnapping charge, Gallagher did not raise a federal claim in conjunction with any federal source of law on which he relied, cite a case decided on federal grounds, or even include the word "federal" such as to alert the state courts that he would be raising a federal claim. *See Baldwin*, 541 U.S. at 32; *Preston*, 785 F.3d at 458-59; *McNair*, 416 F.3d at 1303-04. In fact, Gallagher did not cite any federal caselaw or reference federal law in his brief whatsoever.

Moreover, Gallagher did not raise the claim in federal due process terms in his amended § 2254 petition and, rather, argued only the denial of his motion violated clearly established federal law, which invoked the language in 28 U.S.C. § 2254(d). It was only following the State's response to Gallagher's § 2254 petition that Gallagher stated in his reply, for the first time, that the denial of his motion for a judgment of acquittal violated the Due Process Clause of the Fourteenth Amendment under *Jackson*. But because Gallagher never cited *Jackson* or any other federal case when arguing in the state court that there was insufficient evidence for a conviction that would alert the state courts to the federal nature of his claim, he did not "fairly present" the issue to the state courts. *Castille*, 489 U.S. at 351; *Baldwin*, 541 U.S. at 32.

The district court did not err in concluding Gallagher's claim the trial court violated his right to due process by denying his motion for a judgment of acquittal on the kidnapping charge was

6                     Opinion of the Court                    22-13954

procedurally defaulted.  Moreover, Gallagher has failed to present any argument that cause, prejudice, or a miscarriage of justice excused the procedural default.  *See McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011) (explaining a procedural default can be excused for cause and prejudice, a miscarriage of justice, or actual innocence).  Accordingly, we affirm.

**AFFIRMED.**