**Kenneth M. ROWLS, Petitioner,**

v.

**David JAMROG, Respondent.**

No. 01–CV–72134–DT.

United States District Court,
E.D. Michigan,
Southern Division.

Feb. 28, 2002.

Kenneth Rowls, Adrian, MI, pro se.

Brenda E. Turner, Janet Van Cleve, Mich. Dept. of Atty. General, Lansing, MI, for Respondent.

### OPINION AND ORDER
### OF DISMISSAL

FRIEDMAN, District Judge.

This matter is pending before the Court on petitioner Kenneth M. Rowls' *pro se* habeas corpus petition and respondent David Jamrog's motion to dismiss the habeas petition. The Court has concluded for the following reasons that Respondent's motion must be granted and the habeas petition dismissed. A detailed procedural history follows to demonstrate that Petitioner has not exhausted state reme- dies for his claims and that he no longer has an available remedy to exhaust.

### I. *Background*

On July 21, 1997, a circuit court jury in Oakland County, Michigan convicted Petitioner of one count of first-degree criminal sexual conduct. *See* MICH.COMP.LAWS § 750.520b(1)(a) (sexual penetration with a person under thirteen years of age). The conviction arose from a charge that Petitioner committed fellatio with his former girlfriend's son. The victim was seven years old at the time of the incident, but almost fifteen years old when he testified at trial. The trial court sentenced Petitioner to a term of fifteen to forty years in prison for the crime.

In his appeal of right, Petitioner argued through appointed counsel that:

I. The trial court reversibly erred by allowing testimony, over defense objection, that defendant Kenneth Michael Rowls had previously committed acts similar to those for which he stood trial. The Court thereby deprived the defendant of due process of law.

II. Trial counsel was ineffective where he not only failed to seek suppression of his client's inadmissible prior convictions, but without strategic reason actually adduced evidence of them, thereby impeaching his own client's testimony in a case that boiled down to a credibility contest.

III. Because the sentencing judge improperly considered Mr. Rowls's refusal to plead guilty and his exercise of his right to trial, this Court must remand for resentencing.

IV. Because Mr. Rowls' disputed the PSIR accusation that he threatened the complainant, and because the court appeared to rely on the

accusation at sentencing, the court erred by not resolving the dispute. On remand, the sentencing court must not rely solely on the PSIR's hearsay account.

Petitioner attempted to file a *pro se* supplemental brief, but the court of appeals denied his motion to file the brief. The court of appeals later affirmed Petitioner's conviction in an unpublished, *per curiam* opinion. *See People v. Rowls,* No. 208498, 1999 WL 33437826 (Mich.Ct.App. Aug.17, 1999). The court of appeals nevertheless remanded the case so that the trial court could resolve the dispute about Petitioner's allegedly threatening remark to the complainant. *See id.*

On or about November 29, 1999, Petitioner filed a motion for new trial and an evidentiary hearing. He alleged that the prosecution used perjured testimony at trial, that defense counsel was ineffective, and that the prosecution did not prove penetration beyond a reasonable doubt.

Shortly after filing his post-conviction motion, and before the trial court ruled on the motion, Petitioner applied for leave to appeal in the Michigan Supreme Court. The questions presented for review included one issue raised in the Michigan Court of Appeals and seven new issues. The issue carried over from the court of appeals brief was whether the trial court erroneously admitted testimony that Petitioner had committed other acts similar to the one for which he stood trial. The new issues were presented to the state supreme court in the following manner:

I. Was there false testimony given at the trial of the defendant, and did the prosecutor allow it to be put before the jury, knowing it was indeed false?

II. Was relevant evidence favorable to the defendant suppressed from the jury by the prosecution, and has the court as well suppressed evidence?

III. Did the prosecutor use the proffered evidence of the Defendant's "confession" for a proper purpose under MRE 404(b)?

IV. Was defense counsel ineffective when he failed to present evidence of Defendant's second job as a security guard that he held during the time the alleged incidents were testified to have started taking place, as well as other evidence that would create viable defenses for the defendant? Did counsel render effective assistance as guaranteed by the Sixth Amendment?

V. Was appellate counsel ineffective when he failed to apprise the Defendant of the date scheduled for oral argument, denying him of an opportunity to submit a timely supplemental brief, as well as not presenting all material facts, favorable or unfavorable, pursuant to MCR 7.212(C)(6)?

VI. Did the trial court abuse its discretion by allowing the prosecution to admit the Defendant's "confession" into evidence?

VII. Did the prosecution prove beyond a reasonable doubt the element of penetration for the one act that Defendant was convicted for, as defined and proscribed by M.C.L. § § 750.520a(1); MSA § 28.788(1)?

Petitioner also filed a motion for summary disposition in the supreme court. The sole argument in the motion for summary disposition was that the prosecutor introduced Petitioner's tape-recorded statement to the police for an improper purpose.

The Michigan Supreme Court denied Petitioner's application for leave to appeal because it was "not persuaded that the questions presented should be reviewed...." *People v. Rowls*, No. 116007 (Mich.Sup.Ct. Mar. 28, 2000). The supreme court denied Petitioner's motion for summary disposition as moot. *See id.*

The trial court subsequently issued an order, stating that Petitioner's alleged threat to the complainant was not a factor in its sentencing decision. The trial court then struck the discussion of the alleged threat from the presentence investigation report. *See People v. Rowls*, No. 94–146339–FC (Oakland County Cir.Ct. June 22, 2000).

The trial court denied Petitioner's motion for new trial and an evidentiary hearing after concluding that the motion actually was a motion for relief from judgment under subchapter 6.500 of the Michigan Court Rules. The court opined that Petitioner was precluded from raising the issues of perjury and ineffective assistance of counsel because the Michigan Supreme Court had already decided those issues. The trial court found no merit in Petitioner's claim that the prosecution did not prove the element of penetration. *See People v. Rowls*, No. 94–146339–FC (Oakland County Cir.Ct. July 18, 2000).

On June 6, 2001, Petitioner filed his habeas corpus petition under 28 U.S.C. § 2254. The issues, as stated in the supporting brief, read as follows:

I. Was there false testimony given at the trial of the Defendant, and did the prosecutor allow it to be put before the jury, knowing it was indeed false?

II. Was relevant evidence favorable to Petitioner suppressed from the jury and was that evidence "material" to undermine the confidence in the outcome of the trial of the Petitioner?

III. Is Petitioner entitled to habeas corpus because the prosecutor failed to offer the evidence of the tape recorded conversation for a proper purpose under MRE 404(b)?

IV. Did defense counsel Ronald R. Gold render the effective assistance of counsel that is guaranteed by the Sixth Amendment?

V. Did appellate counsel Douglas W. Baker render the effective assistance of counsel guaranteed by the Sixth Amendment?

VI. Was the petitioner denied his Fourteenth Amendment right to due process, as well as his Sixth Amendment right to confrontation at the initial sentence proceeding and at the remand proceeding?

VII. Did the prosecutor prove beyond a reasonable doubt the element of penetration for the one act that Petitioner was convicted for as defined by M.C.L. § § 750.520a(1); § MSA 28.788(1)(1)?

Respondent argues in his motion to dismiss that Petitioner has failed to exhaust state remedies for all his claims and that he still has an available procedure by which to present his claims to the state courts.

## II. *Discussion*

### A. *The Exhaustion Doctrine*

The doctrine of exhaustion of state remedies requires state prisoners to fully and fairly present their claims to the state courts as a matter of federal law before raising those claims in a federal habeas corpus petition. 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Stanford v. Parker*, 266 F.3d 442, 451 (6th Cir.2001). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the

State's established appellate review process. *O'Sullivan,* 526 U.S. at 845, 119 S.Ct. 1728. Submission of a new claim to a state's highest court on discretionary review does not constitute fair presentation. *Castille v. Peoples,* 489 U.S. 346, 351, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989).

### B. *Application of the Doctrine*

With one exception, none of Petitioner's claims were raised in the Michigan Court of Appeals. Petitioner did present a portion of his sixth claim to the Michigan Court of Appeals. He maintained there, as he does here, that a threatening comment he allegedly made to the complainant was erroneously included in the presentence investigation report.

Petitioner did not present the remaining portions of his sixth claim, concerning the Confrontation Clause and other alleged inaccuracies in the presentence investigation report, to the court of appeals. And he did not raise any portion of his sixth claim in the Michigan Supreme Court.

Some of Petitioner's other claims also were not fairly presented to the Michigan Supreme Court. For example, he did not argue there, as he does here, that trial counsel's performance at sentencing was deficient (part of claim four) and that appellate counsel failed to point out inaccuracies in the presentence report (part of

claim five). He did not raise his third claim in the Michigan Supreme Court as a federal constitutional claim.

 Normally, when a prisoner fails to exhaust state court remedies for even one claim, the Court must dismiss the entire petition. *See Lyons v. Stovall,* 188 F.3d 327, 333 (6th Cir.1999) (citing *Rose v. Lundy,* 455 U.S. 509, 522, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982)), *cert. denied,* 530 U.S. 1203, 120 S.Ct. 2197, 147 L.Ed.2d 233 (2000). Exhaustion is a problem, however, only when the state still provides a remedy to exhaust. *Rust v. Zent,* 17 F.3d 155, 160 (6th Cir.1994).

 Petitioner no longer has an available state remedy to exhaust because he is precluded from pursuing the post-conviction remedy available to state prisoners, a motion for relief from judgment. He has already filed one motion for relief from judgment, and the Michigan Court Rules generally prohibit filing successive motions for relief from judgment. *See* Mich.Ct.R. 6.502(G)(1). An exception can be made for motions that assert a retroactive change in the law or a claim of new evidence that was not discovered before the first motion. Mich.Ct.R. 6.502(G)(2). Petitioner is not relying on a retroactive change in the law, and most of his claims were discoverable before he filed his first motion for relief from judgment.[1]

---

1. The only issue that Petitioner could not have raised in the previous motion was his allegation that the trial court, on remand, continued to rely on inaccurate information in the presentence investigation report and deprived Petitioner of a sentencing hearing. This argument could not have been raised in Petitioner's post-conviction motion because it complains of a ruling made *after* Petitioner filed his motion.

Petitioner could raise his argument about the trial court's ruling on remand in a second motion for relief from judgment, because the claim was not, and could not be, discovered before Petitioner filed his first motion for relief from judgment. His failure to exhaust

state remedies for the claim, however, is not an absolute bar to consideration of the claim because the claim is plainly meritless and it would be a waste of time and judicial resources to require exhaustion. *Lyons v. Stovall,* 188 F.3d 327, 333 (6th Cir.1999), *cert. denied,* 530 U.S. 1203, 120 S.Ct. 2197, 147 L.Ed.2d 233 (2000).

The claim has no merit because the trial court did not resentence Petitioner on remand, and it was not obligated to grant a hearing. The court merely clarified on remand that a statement Petitioner allegedly made to the complainant played no role in the court's sentencing decision.

Furthermore, some of Petitioner's claims were decided against him by the Michigan Supreme Court on direct review and, subsequently, by the trial court on review of Petitioner's motion for relief from judgment. For this additional reason, a motion for relief from judgment is not an available remedy for the claims that Petitioner raised in the Michigan Supreme Court or in his first post-conviction motion. *See* Mich.Ct.R. 6.508(D)(2) (prohibiting courts from granting relief from judgment when the grounds for relief were decided against the defendant in a prior appeal or proceeding under subchapter 6.500 unless a retroactive change in the law has undermined the prior decision).

■ Petitioner is barred from pursuing an otherwise available state court remedy. Therefore, his claims must be deemed exhausted. *Gray v. Netherland,* 518 U.S. 152, 161, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996). In order for Petitioner to obtain a decision on the merits, he must show "cause" for his failure to raise all his claims in both state appellate courts and resulting prejudice. *Id.* at 162, 116 S.Ct. 2074; *Hannah v. Conley,* 49 F.3d 1193, 1195–96 & 1196 n. 3 (6th Cir.1995) (citing *Coleman v. Thompson,* 501 U.S. 722, 750–51, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), and *Murray v. Carrier,* 477 U.S. 478, 496, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986)); *Seymour v. Walker,* 224 F.3d 542, 549–50 (6th Cir.2000), *cert. denied,* 532 U.S. 989, 121 S.Ct. 1643, 149 L.Ed.2d 502 (2001).

### C. *"Cause" for the Procedural Default*

■ Petitioner alleges that appellate counsel should have raised his claims in the appeal of right. Constitutionally ineffective assistance of counsel is "cause" for a state procedural default. *Murray v. Carrier,* 477 U.S. 478, 488 (1986). However, Petitioner had no absolute right to compel his appellate attorney to make every nonfrivolous argument on appeal. *Ev-*

*itts v. Lucey,* 469 U.S. 387, 394, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985) (citing *Jones v. Barnes,* 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983)). For ineffective assistance of appellate counsel to rise to the level of a Sixth Amendment violation, counsel's performance must be deficient and the deficient performance must have prejudiced the appeal. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Carpenter v. Mohr,* 163 F.3d 938, 946 (6th Cir.1998), *reversed on other grounds sub nom Edwards v. Carpenter,* 529 U.S. 446, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000).

■ Tactical choices about which issues to raise "are properly left to the sound professional judgment of counsel...." *United States v. Perry,* 908 F.2d 56, 59 (6th Cir.1990). "In fact, the process of 'winnowing out weaker arguments on appeal' is 'the hallmark of effective appellate advocacy.'" *Smith v. Murray,* 477 U.S. 527, 536, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986) (quoting [*Jones v.*] *Barnes,* 463 U.S. at 751–52, 103 S.Ct. 3308). 'Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome.' *Gray v. Greer,* 800 F.2d 644, 646 (7th Cir.1986). *Monzo v. Edwards,* 281 F.3d 568, 578 (6th Cir.2002).

Exhibits to the habeas petition indicate that Petitioner's appellate attorney evaluated Petitioner's *pro se* claims and determined that they lacked arguable merit. The following brief review of Petitioner's claims supports this assessment of Petitioner's claims.

### 1. *Perjury and Suppression of Evidence*

■ Petitioner's first two claims allege that the prosecutor knowingly used false testimony and suppressed evidence favorable to the defense. These claims are

based on alleged discrepancies among the complainant's trial testimony, his testimony at the preliminary examination, and his statements to the police. Petitioner asserts that the complainant's trial testimony about the date of the alleged sexual abuse was inconsistent with his earlier testimony and statements to the police.

Petitioner was charged with only one incident of criminal sexual conduct. The complainant testified that the incident occurred seven years before trial when he was almost seven years old. He admitted that he was not certain about the exact dates of the sexual abuse, but he knew that it did not happen after March of 1990, when he and his family moved away from Petitioner. (Tr. at 188–90)

The complainant's mother testified that she and the complainant moved out of Petitioner's apartment in March of 1990. (Tr. at 144–45) Petitioner told the police that one act of fellatio happened a couple of days before the complainant and the complainant's mother moved out of his home. (Tr. at 245–50, 259). There is no support in the record for Petitioner's claims that the complainant gave perjured testimony or that the prosecution suppressed evidence concerning the date of the alleged crime.

### 2. *Admission of Petitioner's Statement to the Police*

■ Petitioner's third claim alleges that the prosecutor improperly admitted into evidence Petitioner's statement to the police in which Petitioner admitted one act of fellatio. This claim has no merit because Petitioner has not established that his statement was inadmissible. In support of his claim, he merely cites decisions and court rules governing the use of "other acts" evidence. The law cited is irrelevant to the issue of whether Petitioner's confession was admissible.

### 3. *Trial Counsel*

■ Petitioner's fourth claim alleges ineffective assistance of trial counsel. Petitioner alleges that his trial attorney should have demonstrated through cross-examination and the introduction of other evidence that the complainant's trial testimony deviated from the complainant's statement to the police and testimony at the preliminary examination. The alleged inconsistencies pertain to the dates of the sexual incidents.

As previously explained, the complainant admitted that he was unsure of the exact dates of the incidents, but the prosecutor established that the incident with which Petitioner was charged occurred in March of 1990. Therefore, defense counsel was not remiss for failing to point out the alleged discrepancies in the complainant's testimony.

Petitioner alleges next that defense counsel should have introduced evidence of Petitioner's second job. Petitioner contends that the information would have negated the allegation that he was at home during the alleged incidents.

Evidence that Petitioner held a second job would not have enabled him to establish an alibi defense because the criminal complaint did not specify an exact date and time for the crime. Thus, defense counsel's failure to introduce evidence of Petitioner's second job did not constitute deficient performance.

Petitioner's final claim about trial counsel is that his attorney did not point out errors in the presentence report concerning the extent of the sexual abuse and Petitioner's allegedly threatening remark to the complainant after trial. Defense counsel did challenge allegations in the presentence report that the sexual abuse occurred over an extended period of time, and Petitioner himself told the sentencing

judge that he did not threaten the complainant. (Sentence Tr. at 3, 13–14, 20) Petitioner has failed to demonstrate that his attorney's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington,* 466 U.S. at 687, 104 S.Ct. 2052.

#### 4. *Sentencing*

■ Petitioner's sixth claim alleges that he was denied due process and the right of confrontation at sentencing. Petitioner contends that the trial court considered inaccurate information in the presentence investigation report. One of the alleged inaccuracies consisted of the observation that Petitioner said to the complainant, "You'll pay for this," as he left the courtroom, following the jury's verdict.

Petitioner's claim about the threatening remark is frivolous because, on remand, the trial court struck the comment and discussion of it from the presentence report. The trial court stated that the information was not a factor it considered when sentencing Petitioner.

Petitioner asserts that the presentence report also contained inaccurate information about contemporaneous instances of sexual activity between him and the complainant. The complainant, however, testified that Petitioner forced him to engage in sexual acts on more than one occasion. (Tr. at 185–88)

Furthermore, Petitioner was given an opportunity to address the trial court at the sentencing. Defense counsel stated that he had reviewed the presentence report with Petitioner and that Petitioner denied the allegations of contemporaneous criminal acts mentioned in the report.

The trial court ultimately reduced the minimum sentence recommended under the sentencing guidelines by five years. Petitioner has not shown that the trial court, either at sentencing or on remand, relied on extensively and materially false information, which Petitioner had no opportunity to correct. *Townsend v. Burke,* 334 U.S. 736, 741, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948). Therefore, his sixth claim lacks merit.

#### 5. *Sufficiency of the Evidence*

■ Petitioner's seventh claim alleges that the prosecutor failed to prove the element of penetration beyond a reasonable doubt. This claim lacks merit because Petitioner admitted one act of fellatio in his statement to the police, which was read to the jury. (Tr. at 245–51)

#### 6. *Summary*

The Court concludes for the reasons given above that Petitioner's appellate attorney was not ineffective for failing to raise Petitioner's habeas claims in the appeal of right. Petitioner has failed to show that his appellate attorney's performance was deficient and that the deficient performance prejudiced the appeal. *Strickland v. Washington,* 466 U.S. at 687, 104 S.Ct. 2052. It follows that Petitioner has not established cause for his failure to raise his habeas claims at all levels of state court review.

#### 7. *The Remaining Claims about Appellate Counsel*

■ Petitioner's other claims about appellate counsel likewise have no merit. Petitioner alleges that his appellate attorney failed to keep him informed of the date of oral arguments and gave him bad advice about filing a supplemental brief.[2] Peti-

---

**2.** Petitioner was unable to file his supplemental brief before the Michigan Court of Appeals held oral arguments in his case. He managed

to submit the supplemental brief before the court of appeals issued its opinion, but the court denied his motion to file the brief.

tioner also contends that his appellate attorney failed to inform him that he could wait until after the remand to file his application for leave to appeal in the Michigan Supreme Court.

Exhibits to the habeas petition include seven letters from Petitioner's appellate attorney to Petitioner. These letters inform Petitioner of the progress of his appeal of right. Although Petitioner's appellate attorney admits in one letter that he failed to inform Petitioner of the date of oral arguments in the court of appeals, he did offer advice to Petitioner on filing his supplemental brief. The attorney also offered to file Petitioner's application for leave to appeal in the supreme court, although his appointment did not require him to do so.

Furthermore, as previously discussed, Petitioner's *pro se* arguments lacked arguable merit. The Court is unable to say that appellate counsel's performance was deficient and that the deficient performance prejudiced the appeal.

### D. *Prejudice and Actual Innocence*

The Court need not determine whether Petitioner was prejudiced by the errors complained of because he has not shown "cause." *Smith v. Murray*, 477 U.S. at 533, 106 S.Ct. 2661. Petitioner may overcome his procedurally defaulted claims, even in the absence of "cause and prejudice," upon a showing of new and reliable evidence of actual innocence. *Lott v. Coyle*, 261 F.3d 594, 620 (6th Cir.2001) (citing *Schlup v. Delo*, 513 U.S. 298, 314–15, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995), and *Herrera v. Collins*, 506 U.S. 390, 417, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993)), *cert. denied*, —— U.S. ——, 122 S.Ct. 1106, 151 L.Ed.2d 1001 (2002) (No. 01–7424).

Although Petitioner challenges the legal sufficiency of the evidence, he does not claim to be actually innocent. Further-

more, his own admissions to the police belie a claim of actual innocence.

### III. *Conclusion*

Petitioner procedurally defaulted all his claims by failing to raise them in both state appellate courts and by his inability to show cause and resulting prejudice or actual innocence. Accordingly, Respondent's motion to dismiss is **GRANTED** and the application for a writ of habeas corpus is **DISMISSED** with prejudice.

The Court declines to issue a certificate of appealability. Reasonable jurists would not debate whether the petition states a valid claim of the denial of a constitutional right and whether the Court's procedural ruling was correct. *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).