Alan DORENBOS, Petitioner–Appellant,

v.

Jack KOPP, Respondent–Appellee.

No. 01–35493.

D.C. No. CV–00–00839–TSZ.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 5, 2002.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

Before GOODWIN, TROTT, and GRABER, Circuit Judges.

MEMORANDUM **

Alan Dorenbos, a Washington state prisoner, appeals pro se the dismissal of his 28 U.S.C. § 2254 petition for failure to exhaust. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo the dismissal of a section 2254 petition, *see Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir.1999), and we affirm.

▮ Dorenbos acknowledges that he has an outstanding motion for a new trial in Washington superior court, but contends that the issues contained in that motion have since been resolved by the superior court's factual finding pertaining to a later discovery motion. Therefore, Dorenbos contends, since there are no remaining issues unresolved, federal review should be permitted. We reject this contention.

The United States Supreme Court has held that in order to satisfy the exhaustion requirement of section 2254, habeas petitioners must fairly present federal claims to the state courts in order to give the state the opportunity to pass upon and to correct alleged violations of its prisoners' federal rights. *Duncan v. Henry*, 513 U.S. 364, 365–66, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995) (per curiam); *see also Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989) (holding where a claim is presented for the first and only time in a procedural context in which the merits are not likely to be considered unless there are special and important reasons, the petition is not exhausted).

The Washington Court of Appeals and Washington Supreme Court declined to review the issues raised in Dorenbos' section 2254 petition because they were raised in those courts in the context of a discovery motion which the courts denied solely on procedural grounds. Accordingly, we cannot say that issues have been fairly presented to the state's highest court in a context in which the merits are likely to have been considered, and his claims are unexhausted. *See Castille*, 489 U.S. at 351.

▮ In the alternative, Dorenbos contends that because the motion has been pending since 1993, exhaustion would be futile, and requirements should be waived. Given that Petitioner has been repeatedly instructed by both state appellate courts to return to the state process and seek a final order on his motion, requiring Dorenbos to properly exhaust his federal claims in state court is not an exercise in futility. *See* 28 U.S.C. § 2254(c).

Petitioner has not demonstrated that unusual circumstances exist to excuse his failure to exhaust. Accordingly, we **AFFIRM.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.