

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-3-2006

# Cox v. Horn

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3565

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Cox v. Horn" (2006). *2006 Decisions.* Paper 1330.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1330

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 04-3565

———

JERMONT COX,

Appellant

v.

MARTIN HORN; CONNOR BLAINE; THE DISTRICT ATTORNEY OF THE
COUNTY OF PHILADELPHIA; THE ATTORNEY GENERAL OF THE STATE OF
PENNSYLVANIA

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 00-cv-05188)
District Judge: Honorable Anita B. Brody

———

Argued January 13, 2006

Before: ROTH, FUENTES, and ROSENN,* Circuit Judges.

(Filed April 3, 2006)

STUART B. LEV
VICTOR J. ABREU (Argued)
Defender Association of Philadelphia
Federal Court Division

——————————

*Judge Rosenn passed away on February 7, 2006, after oral argument on this case.
This opinion is filed by quorum of the panel.  28 U.S.C. § 46(d).

1

Suite 545 West – The Curtis Center
Independence Square West
Philadelphia, PA 19106
    Attorneys for Appellant

LYNNE ABRAHAM
  District Attorney
ARNOLD H. GORDON
  First Assistant District Attorney
RONALD EISENBERG
  Deputy District Attorney
THOMAS W. DOLGENOS
  Chief, Federal Litigation
HELEN KANE (Argued)
  Assistant District Attorney
Office of the District Attorney
Three South Penn Square
Philadelphia, PA 19107-3499
    Attorneys for Appellees

---

OPINION OF THE COURT

---

FUENTES, Circuit Judge.

Appellant Jermont Cox appeals from an order of the United States District Court of the Eastern District of Pennsylvania denying his application for a writ of habeas corpus under 28 U.S.C. § 2254. We will affirm.

## I. Background

As we write essentially for the parties, we need not describe the facts of this case in detail. Briefly, after a non-jury trial in the Philadelphia Court of Common Pleas, Cox

was convicted of first degree murder, conspiracy, and possession of an instrument of crime. The offenses were related to Cox's fatal shooting of Lawrence Davis. Cox has never denied shooting Davis, but he has always contended that he did not have the intent to kill and therefore was not guilty of first degree murder.

After Cox's conviction was affirmed on direct appeal, Cox sought relief in the Philadelphia Court of Common Pleas pursuant to the Pennsylvania Post-Conviction Relief Act ("PCRA"). The trial judge conducted an evidentiary hearing on Cox's claim that his trial counsel had been ineffective for failing to impeach two of the prosecution's witnesses—Kimberly and Mary Little—with their criminal records and motives to lie.[1] Trial counsel conceded that he made no effort to investigate the witnesses' criminal records and that he had no reasonable basis for failing to do so. The judge found that trial counsel's performance had been deficient, but she concluded that Cox did not suffer prejudice and, as a result, dismissed Cox's PCRA petition. The Pennsylvania Superior Court affirmed and the Pennsylvania Supreme Court denied allocatur.

On October 12, 2000, Cox filed an application for a writ of habeas corpus pursuant

---

[1]At the time they gave their initial statements to the police, both Kimberly and Mary Little faced pending felony and misdemeanor charges of robbery, simple assault, recklessly endangering another person, theft, receiving stolen property, and criminal conspiracy. These charges stemmed from an incident that occurred one month prior to the shooting they claimed to have witnessed. By the time they testified at Cox's trial, both Kimberly and Mary Little had been convicted of the lesser offenses of simple assault, reckless endangerment of another person, and conspiracy, and they each received a sentence of two years' probation.

to 28 U.S.C. § 2254.  The District Court referred the matter to a Magistrate Judge, who issued a Report and Recommendation in which he found that all but one of Cox's claims had been procedurally defaulted.  The Magistrate Judge addressed the remaining claim—that Cox's trial counsel provided constitutionally ineffective assistance by failing to impeach Kimberly and Mary Little—on the merits and concluded that the Pennsylvania Superior Court's opinion rejecting that claim was neither "contrary to" nor an "unreasonable application of" established federal law.

The District Court issued an order adopting the Report and Recommendation and denying Cox's application for habeas relief.  In a separate order issued the same day, the District Court granted a certificate of appealability as to whether the state court's resolution of Cox's ineffective assistance of counsel claim based on trial counsel's failure to impeach Kimberly Little with evidence of her criminal record was "contrary to" or an "unreasonable application of" clearly established federal law, and whether Cox had established cause and prejudice to overcome the procedural default of his remaining claims.

## II.  Discussion

We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253.  As to the issues on which the District Court granted a certificate of appealability, this Court exercises plenary review because the District Court relied exclusively on the state court record and did not hold an evidentiary hearing.  See Jacobs v. Horn, 395 F.3d 92, 99 (3d Cir. 2005).

4

A federal court may grant relief to a habeas applicant "with respect to any claim that was adjudicated on the merits in State court proceedings," only if the state's adjudication of the claim was either "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or it "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court decision is "contrary to" Supreme Court precedent under § 2254(d)(1) where the state court reached a "conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). A state court decision is an "unreasonable application" under § 2254(d)(1) if the court "identifies the correct governing legal rule from the Supreme Court's cases but unreasonably applies it to the facts of the particular case or if the state court either unreasonably extends a legal principle from the Supreme Court's precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Gattis v. Snyder, 278 F.3d 222, 228 (3d Cir. 2002) (citing Williams, 529 U.S. at 407).

A.    Ineffective Assistance of Counsel

Because Cox claims that his Sixth Amendment right to effective assistance of

5

counsel was violated, habeas relief is available if the state court's rejection of his claim is either "contrary to" or involved an "unreasonable application of" the familiar two-pronged test established in Strickland v. Washington, 466 U.S. 668 (1984).

Cox first argues that the Pennsylvania Superior Court's decision rejecting his ineffective assistance of counsel claim was "contrary to" Strickland because the Superior Court applied an outcome-determinative test for determining prejudice rather than Strickland's "reasonable probability" standard. Specifically, at the outset of its analysis, the Superior Court stated that in order to establish prejudice, a PCRA petitioner must show that "but for the act or omission [of trial counsel] the outcome of the case would have been different." (JA 20.) According to Cox, this prejudice standard is an erroneous "preponderance of the evidence" standard, and thus is "contrary to" Strickland.

Although the Superior Court initially articulated a standard for reviewing ineffective assistance of counsel claims that neither cited Strickland nor described its prejudice standard with complete accuracy, the key question here is whether the Superior Court rejected Cox's claim based on reasoning that was consistent with Strickland. See Early v. Packer, 537 U.S. 3, 8 (2002) (per curiam) (explaining that qualification for deference under AEDPA "does not require citation of our cases—indeed, it does not even require awareness of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them"); Priester v. Vaughn, 382 F.3d 394, 398 (3d Cir. 2004) (observing that "as long as the reasoning of the state court does not contradict relevant

6

Supreme Court precedent, AEDPA's general rule of deference applies").  After the

Superior Court enunciated the prejudice standard and reviewed evidence from Cox's trial

that was unaffected by counsel's error, the Superior Court stated the following:

> As such, we cannot conclude that counsel's omission <u>rendered the verdict
> unreliable</u>, because the witness' testimony was not critical to the
> prosecution's case.

(JA 21 (emphasis added).)  This language mirrors the <u>Strickland</u> Court's explanation that

to satisfy the prejudice prong

> the defendant must show that the deficient performance prejudiced the
> defense.  This requires showing that counsel's errors were so serious as to
> deprive the defendant of a fair trial, <u>a trial whose result is reliable</u>.

<u>Strickland</u>, 466 U.S. at 687 (emphasis added).  Thus, despite the Superior Court's

enunciation of an ineffective assistance of counsel standard that, on its face, appears to

require a higher showing of prejudice, its rejection of Cox's claim is not "contrary to"

<u>Strickland</u> for that reason.

Cox next argues that the Superior Court's rejection of his ineffective assistance

claim was "contrary to" <u>Strickland</u> because the Superior Court did not properly assess the

effect of trial counsel's failure to impeach Kimberly Little on the guilty verdict.  In

<u>Strickland</u>, the Supreme Court described how courts should assess prejudice as follows:

> In making [the prejudice] determination, a court hearing an
> ineffectiveness claim must consider the totality of the evidence before the
> judge or jury.  Some of the factual findings will have been unaffected by the
> errors, and factual findings that were affected will have been affected in
> different ways.  Some errors will have had a pervasive effect on the
> inferences to be drawn from the evidence, altering the entire evidentiary

7

picture, and some will have had an isolated, trivial effect. Moreover, a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support. Taking the unaffected findings as a given, and taking due account of the effect of the errors on the remaining findings, a court making the prejudice inquiry must ask if the defendant has met the burden of showing that the decision reached would reasonably likely have been different absent the errors.

Strickland, 466 U.S. at 694-95.

In finding that prejudice did not exist, the Superior Court reviewed the evidence unaffected by counsel's error and stated: "Because there is additional evidence to sustain a conviction for first degree murder without taking into account the testimony of the witness in question, Cox has failed to show that he was prejudiced by his trial counsel's failure to impeach that witness." (JA 21-22.) The Superior Court further noted that Kimberly Little's testimony was "not critical to the prosecution's case." (JA 21.) Based on these statements, we cannot conclude that the Superior Court's assessment of prejudice is "contrary to" Strickland.

We also agree with the District Court that the Superior Court's rejection of Cox's ineffective assistance of counsel claim was not an "unreasonable application of" Strickland. According to Cox, the Superior Court disregarded the importance of Kimberly Little's testimony to the prosecution's case and gave too much weight to other, wholly circumstantial, evidence presented at trial. However, even without Kimberly Little's testimony, the verdict was supported by circumstantial evidence. For example, Cox admitted to police that he shot the victim from a distance of two feet, and the victim

8

sustained three gun shot wounds to vital parts of the body, specifically the neck and chest. In addition, the ballistics expert explained that the likelihood of an accidental shooting was diminished by the number of shots fired. It is true that the ballistics expert testified that he could not exclude the possibility of an accidental shooting without examining the weapon; nonetheless, the expert's testimony about the likelihood of an accidental shooting weighs against Cox's claim that he shot the victim accidentally. Accordingly, the District Court properly rejected Cox's "unreasonable application" claim.

B.      Procedurally Defaulted Claims

Finally, Cox argues that the District Court erred in finding that his remaining seven claims for habeas relief were procedurally defaulted because Cox did not "fairly present" them to the state court. "To 'fairly present' a claim, a petitioner must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." McCandless v. Vaughn, 172 F.3d 255, 261 (3d Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 6 (1982); Picard v. Connor, 404 U.S. 270, 277-78 (1971)).

Cox first argues that he "fairly presented" claims III and IV[2] of his federal habeas application to the Pennsylvania Supreme Court in his pro se Petition for Allowance of

_____

[2]In claim III, Cox asserts that trial counsel was ineffective for failing to impeach Kimberly and Mary Little with evidence that they were related to the victim. In claim IV, Cox asserts that trial counsel was ineffective for failing to impeach Kimberly Little with an allegedly prior inconsistent statement regarding her location at the time of the shooting.

Appeal. The District Court properly rejected this argument. <u>See</u> <u>Castille v. Peoples</u>, 489 U.S. 346, 351 (1989) (holding that a Pennsylvania habeas petitioner who submitted a new claim in a petition for discretionary review on direct appeal did not fairly present the claim to the state court for purposes of exhaustion).

Cox further contends that claims III and IV are exhausted because he attempted to raise them in his first PCRA proceeding and again in the second, time-barred PCRA petition. To be sure, these claims were included in the amended petition that his counsel filed during the first PCRA proceeding. However, Cox's counsel—appointed pursuant to Cox's request—chose to abandon these issues and proceed only on trial counsel's ineffectiveness for failing to impeach Kimberly Little with her criminal history. Likewise, in Cox's appeal from the denial of PCRA relief, he presented no argument in support of the claims which he had abandoned before the PCRA court. Accordingly, Cox failed to "fairly present" claims III and IV to the state courts.

Finally, Cox argues that even if claims III and IV are procedurally defaulted, the District Court should have addressed their merits because he can establish "cause and prejudice" to overcome any default. To show "cause," a petitioner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." <u>Coleman v. Thompson</u>, 501 U.S. 722, 753 (1991). Cox argues that if any procedural default occurred, it arose because the state courts did not follow their own procedures as set forth in <u>Commonwealth v. Ellis</u>, 581 A.2d 595 (Pa. Super.

10

1980), with respect to his pro se petition for allowance of appeal and his pro se PCRA petition. However, Cox cannot show "cause" because the Pennsylvania Supreme Court was not bound by the procedure outlined by the Superior Court in Ellis. Accordingly, we will affirm the District Court's conclusion that the Supreme Court's failure to remand to the trial court to determine whether Cox wanted to proceed pro se or with counsel does not establish "cause" to overcome a procedural default.

### III. Conclusion

We have considered all of the arguments advanced by the parties and conclude that no further discussion is necessary. Accordingly, the judgment of the District Court will be affirmed.