F I L E D
United States Court of Appeals
Tenth Circuit

January 26, 2007

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

KEVIN B. DICKINSON,

Petitioner-Appellant,

v.

HARRY TIPTON, Director, Bernalillo
County Metropolitan Detention Center;
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

Respondents-Appellees.

No. 06-2140
(New Mexico)
(D.C. No. CIV-05-1317 BB/RLP)

**ORDER**

Before **MURPHY**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

On December 19, 2005, Kevin B. Dickinson filed an application for a writ

of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court

for the District of New Mexico. Dickinson, who has been charged with first

degree murder in New Mexico, alleged ineffective assistance of counsel and

violations of his due process rights and his right to a speedy trial. Respondents

filed a motion to dismiss Dickinson's application, arguing his claims were

unexhausted because he failed to present them to the New Mexico state court.

*See Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

The district court characterized Dickinson's application as properly brought pursuant to 28 U.S.C. § 2241 because he is a pretrial detainee. *See Montez v. McKinna*, 208 F.3d 862, 870 (10th Cir. 2000). The court then granted Respondents' motion and dismissed the application without prejudice for failure to exhaust state remedies. Dickinson does not challenge the characterization of his application as a § 2241 proceeding but seeks to appeal the district court's dismissal of his application. Dickinson cannot appeal the district court's dismissal of his application unless he first obtains a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c). To be entitled to a COA, Dickinson must show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 474, 484-85 (2000) (holding that when a district court dismisses a habeas petition on procedural grounds, a petitioner is entitled to a COA only if he shows both that reasonable jurists would find it debatable whether he had stated a valid constitutional claim and debatable whether the district court's procedural ruling was correct).

Dickinson has provided documentation he attempted to file a mandamus petition with the New Mexico Supreme Court but the clerk refused to accept it. In the mandamus petition, Dickinson sought an injunction prohibiting the state trial judge from determining his competency to stand trial until the judge ruled on an outstanding motion. In an amendment to the mandamus petition, Dickinson raised many of the claims asserted in his § 2241 application. The clerk of the

New Mexico Supreme Court refused to file the mandamus petition, advising Dickinson "[t]he requested relief is not appropriate for an extraordinary writ, but rather on appeal after the final judgment is issued." Having reviewed Dickinson's mandamus petition and the amendment thereto, we conclude it did not fairly present the claims Dickinson seeks to raise in his § 2241 application. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989) ("[W]here the claim has been presented for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor, [r]aising the claim in such a fashion does not, for the relevant purpose, constitute fair presentation." (citation and quotations omitted)). Thus, the state court's refusal to file Dickinson's mandamus petition does not affect the district court's conclusion Dickinson has failed to exhaust his state remedies.

Our review of the record demonstrates the district court's dismissal of Dickinson's § 2241 application is not deserving of further proceedings or subject to a different resolution on appeal. Accordingly, this court **denies** Dickinson's application for a certificate of appealability and **dismisses** this appeal. Dickinson's motion to proceed *in forma pauperis* on appeal is **granted**.

<div style="margin-left:50%">

Entered for the Court  
ELISABETH A. SHUMAKER, Clerk


By  
    Deputy Clerk

</div>