[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-12005
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 27, 2012
JOHN LEY
CLERK

D.C. Docket No. 8:08-cv-00254-SDM-TBM


DOYLE G. GALIN,

Petitioner - Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 27, 2012)

Before BARKETT, WILSON, and PRYOR, Circuit Judges.

PER CURIAM:

Doyle Galin, a Florida state prisoner proceeding *pro se*, appeals the district court's denial of his 28 U.S.C. § 2254 petition. We granted a certificate of appealability (COA) to determine whether the district court erred when it found four of Galin's claims unexhausted and therefore procedurally barred.

## I. Background

In Florida state court, Galin was convicted by a jury of two counts and sentenced on each count to fifteen years in prison and one year of probation, to run concurrently. These convictions and sentences were summarily affirmed on direct appeal. *Galin v. State*, 819 So. 2d 764 (Fla. Dist. Ct. App. 2002) (per curiam). Galin then filed a *pro se* motion for state postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 wherein he raised seventeen constitutional grounds for relief, including (1) ineffective assistance of trial counsel for failure to investigate the facts of the case (Claim 1); (2) ineffective assistance of trial counsel for failure to include Galin in the jury-selection process (Claim 3); (3) ineffective assistance of trial counsel for failure to impeach the victim (Claim 7); and (4) trial counsel's conflict of interest by obtaining automobile assistance from the victim's relative, who was an automobile mechanic (Claim 8). The state court granted an evidentiary hearing on several of the claims raised in his Rule 3.850 motion, but not on the claims recited above. Following the evidentiary hearing,

2

the state postconviction court denied relief on all claims. Through counsel, Galin appealed the denial. As regards the four claims listed above, Galin argued that the trial court erred in failing to grant an evidentiary hearing. The state appellate court summarily affirmed the denial of his postconviction relief. *Galin v. State*, 919 So. 2d 444 (Fla. Dist. Ct. App. 2005) (per curiam).

Galin filed a *pro se* § 2254 petition in federal district court raising thirty-one grounds for relief, including the claims he raised in his Rule 3.850 motion as claims 1, 3, 7, and 8 (renumbered in his habeas petition as 5, 7, 12, and 11, respectively). The district court found these four claims unexhausted, reasoning that Galin only challenged the state trial court's denial of an evidentiary hearing rather than the denial of the substance of his claims in his state postconviction appeal. Because the district court found these claims unexhausted, it dismissed them as procedurally barred. We granted a COA to determine whether the district court erred when it found claims 5, 7, 11, and 12 of Galin's § 2254 petition unexhausted.

## II. Standard of Review

When considering the district court's denial of a habeas petition, we conduct a *de novo* review of questions of law and mixed questions of law and fact. *Nyland v. Moore*, 216 F.3d 1264, 1266 (11th Cir. 2000) (per curiam). We review

the district court's findings of fact for clear error. *Id.* The district court's conclusion as to whether a petitioner exhausted his state court remedies is a mixed question of law and fact, and as such we review it *de novo*. *Fox v. Kelso*, 911 F.2d 563, 568 (11th Cir. 1990).

### III. Discussion

Federal habeas relief is available to correct only those custodial injuries resulting from violations of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). Before filing a federal habeas petition, a state prisoner must exhaust state court remedies, either on direct appeal or in a state postconviction motion. 28 U.S.C. § 2254(b), (c). To exhaust state remedies, the petitioner must fairly present every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review. *Mason v. Allen*, 605 F.3d 1114, 1119 (11th Cir. 2010) (per curiam) (citing *Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056, 1060 (1989)).

Exhaustion does not require a petitioner to raise more in a state appellate court than could reasonably be granted by that court. *Henry v. Dep't of Corr.*, 197 F.3d 1361, 1368 (11th Cir. 1999). Where, as in Florida, "state procedure makes it appropriate for a petitioner to request an evidentiary hearing" on appeal before arguing the merits of his case and requesting a new trial, "the difference between a

request for an evidentiary hearing in state court and a request for a federal writ under § 2254 . . . is not enough to render a petitioner's constitutional claims unexhausted." *Id.* at 1367.

Under Florida Rule of Criminal Procedure 3.850, a defendant is permitted to file a postconviction motion to vacate, set aside, or correct his sentence if the judgment was entered or the sentence imposed in violation of the Constitution or laws of the United States or the State of Florida. Fla. R. Crim. P. 3.850(a)(1). Rule 3.850 requires the state court to determine whether an evidentiary hearing is required or whether the motion may be denied without a hearing. Fla. R. Crim. P. 3.850(d).

*Henry* is instructive here. There, the petitioner raised two claims of ineffective assistance of trial counsel in his Rule 3.850 motion and on appeal alleged error in the postconviction court's failure to hold an evidentiary hearing. *Henry*, 197 F.3d at 1363. In Henry's § 2254 habeas petition, he raised the same ineffective assistance of counsel allegations he raised in his initial Rule 3.850 motion, and the district court found those claims procedurally barred because he failed to exhaust his claims in state court. *Id.* There, we determined that under Florida Rule of Criminal Procedure 3.850, a state court appeal requesting only an evidentiary hearing sufficed to have exhausted Henry's claims in state court for

5

the purposes of § 2254. *Id*. at 1368.

Our holding in *Henry* makes clear that failure to raise substantive arguments when appealing a Florida court's denial of an evidentiary hearing on a Rule 3.850 motion does not render a claim unexhausted. *Id*. at 1367–68. Galin's appellate Rule 3.850 brief sets forth a factual basis for his claims and a legal argument as to why he was entitled to an evidentiary hearing. We therefore find that his claims were properly exhausted in state court, and the district court erred in denying those claims.

**VACATED AND REMANDED.**