FILED
United States Court of Appeals
Tenth Circuit

August 14, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

WILLIAM A. MAUNZ,

          Petitioner - Appellant,

v.

DAVID M. ZUPAN, Warden, San
Carlos Correctional Facility, CDOC;
THE ATTORNEY GENERAL OF
THE STATE OF COLORADO,

          Respondents - Appellees.

No. 13-1230
(D. Colorado)
(D.C. No. 1:12-CV-02225-LTB)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

Before **LUCERO**, **McKAY,** and **MURPHY**, Circuit Judges.

This case is before the court on William A. Maunz's pro se requests for a

certificate of appealability ("COA") and for permission to proceed on appeal in

forma pauperis ("IFP"). Maunz seeks a COA so that he can appeal the district

court's dismissal without prejudice of his 28 U.S.C. § 2254 habeas petition. *See*

28 U.S.C. § 2253(c)(1)(A) (providing no appeal may be taken from "the final

order in a habeas corpus proceeding in which the detention complained of arises

out of process issued by a state court" unless the petitioner first obtains a COA).

The district court's conclusion that Maunz's habeas claims are unexhausted is undeniably correct and Maunz's arguments to the contrary are clearly frivolous. Maunz was convicted by a Colorado state jury of second degree burglary and third degree criminal trespass. Maunz's direct appeal remains pending in the Colorado Court of Appeals. 28 U.S.C. § 2254(b)(1) (providing habeas corpus may not be granted unless the petitioner has exhausted his state court remedies); *Castille v. Peoples*, 489 U.S. 346, 351 (1989) (holding the exhaustion requirement is met once a federal claim has been presented fairly to the state courts). Nevertheless, Maunz asserts he exhausted his state court remedies by asking the Colorado Supreme Court to exercise its discretionary authority to grant a writ of certiorari before the Colorado Court of Appeals has rendered judgment. As noted by the district court, however, a nearly identical assertion was rejected by the Supreme Court in *Castille*. 489 U.S. at 351 (holding that if a "claim has been presented [to the state's highest court] for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor, . . . [r]aising the claim in such a fashion does not, for the relevant purpose, constitute fair presentation" (quotation and citation omitted)).

For those reasons set out above, this court denies both Maunz's request for a COA and his request to proceed on appeal IFP. 28 U.S.C. § 2253(c)(2) (providing that to be entitled to a COA, a petitioner must make "a substantial

-2-

showing of the denial of a constitutional right"); *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991) (holding that to be entitled to proceed IFP, a movant must show, inter alia, "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal"). The appeal is hereby **dismissed** and Maunz is ordered to immediately remit the full amount of the appellate filing fee. All other pending motions are **denied**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge