[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-12066

Non-Argument Calendar

_____

JAMES EDWARD PALMER,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:18-cv-00670-WFJ-JSS

_____

Before JILL PRYOR, BRANCH, and MARCUS, Circuit Judges.

PER CURIAM:

James Palmer, a Florida prisoner proceeding *pro se*, appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition, which raised claims concerning his convictions for various sex offenses and the life sentence he received. Relevant to this appeal, the petition claimed that Palmer's trial counsel was ineffective for failing to file a pretrial motion to redact a video statement by the victim that Palmer and the victim's father had paid women for sex (Claim Four); that counsel was ineffective for failing to move for a mistrial following testimony from the state's Child Protection Team interviewer that it was not unusual to see no physical evidence of abuse (Claim Eight); and that counsel was ineffective for failing to impeach Officer David Lopez with a report indicating that Palmer had appeared truthful during an interrogation (Claim Nine). The district court denied Palmer's § 2254 petition in its entirety, holding, among other things, that Claims Four, Eight and Nine failed on procedural grounds.

We granted a certificate of appealability ("COA") on several issues concerning whether Palmer overcame his procedural default of Claims Four, Eight and Nine, and, if so, whether he received ineffective assistance of counsel. On appeal, he argues in relevant part that: (1) he overcame his procedural default of Claim Four because the state collateral court failed to make specific findings about that claim; and (2) under *Martinez v. Ryan*, 566 U.S. 1 (2012),

he overcame his procedural default of Claims Eight and Nine. After careful review, we affirm.

## I.

We review the district court's denial of habeas corpus relief under 28 U.S.C. § 2254 *de novo* and any factual findings for clear error. *Sims v. Singletary*, 155 F.3d 1297, 1304 (11th Cir. 1998). Whether a petitioner has procedurally defaulted a claim is a mixed question of law and fact that we review *de novo*. *Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001). An ineffective assistance of counsel claim is a mixed question of law and fact that we also review *de novo*. *Sims*, 155 F.3d at 1304. Our review under § 2254 is limited to the issues specified in the COA. *Spencer v. Sec'y, Dep't of Corr.*, 609 F.3d 1170, 1180 (11th Cir. 2010).

## II.

First, we are unpersuaded by Palmer's claim that the district court erred in concluding that he had not overcome his procedural default of Claim Four. Before bringing a § 2254 action in federal court, the petitioner must exhaust all state court remedies that are available for challenging his conviction. 28 U.S.C. § 2254(b), (c). To exhaust state remedies, the petitioner must have fairly presented every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review. *Castille v. Peoples*, 489 U.S. 346, 351 (1989). Procedural default can arise when the petitioner never raised the claim in state court and it is obvious that the unexhausted claim would now be procedurally

barred in state court. *Bailey v. Nagle*, 172 F.3d 1299, 1302–03 (11th Cir. 1999).  In that instance, the federal court must determine whether any future attempt to exhaust state remedies would be futile under the state's procedural default doctrine. *Id.* at 1303.

A petitioner who fails to exhaust his claim in state court is procedurally barred from pursuing that claim on habeas review in federal court unless he shows either cause for and actual prejudice from the default, or a fundamental miscarriage of justice from applying the default. *Lucas v. Sec'y, Dep't of Corr.*, 682 F.3d 1342, 1352–53 (11th Cir. 2012).  A petitioner establishes "cause" by showing that an objective factor external to the defense impeded an effort to properly raise the claim in the state court. *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003).  A petitioner establishes "prejudice" by showing at least a reasonable probability that the proceeding's result would have been different. *Id.*

The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 685–86 (1984).  The *Strickland* test for ineffective-assistance-of-counsel claims requires a defendant to show that: (1) "his trial counsel's performance was deficient"; and (2) "trial counsel's deficient performance prejudiced the defense." *Rosin v. United States*, 786 F.3d 873, 877 (11th Cir. 2015) (quotations omitted).  If the movant fails to establish either prong, the court need not address the other prong. *Strickland*, 466 U.S. at 697.

To prove the deficient performance prong, the prisoner must show that counsel made errors so serious that he was not

functioning as the counsel guaranteed by the Sixth Amendment. *Id.* at 687. "Judicial scrutiny of counsel's performance [is] highly deferential." *Id.* at 689. "The proper measure of attorney performance [is] . . . reasonableness under prevailing professional norms." *Id.* at 688. To show deficient performance, a defendant must demonstrate that no competent counsel would have taken the action that his counsel took. *United States v. Freixas*, 332 F.3d 1314, 1319–20 (11th Cir. 2003). There is a strong presumption that counsel's conduct fell within the range of reasonable performance. *Strickland*, 466 U.S. at 689. Counsel is not incompetent so long as his approach could be considered sound strategy. *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000).

To prove the prejudice prong, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A reasonable probability is one sufficient to undermine confidence in the outcome. *Id.* It is not enough for the petitioner to merely show that the error had some conceivable effect on the outcome. *Id.* at 693.

Here, the district court did not err in rejecting Claim Four -- that Palmer's trial counsel was ineffective for failing to file a pre-trial motion to redact a video statement by the victim -- on procedural grounds. For starters, the claim was procedurally defaulted because Palmer did not exhaust it by raising it in his post-conviction appeal, and he could not exhaust it now in state court. *See Peoples*, 489 U.S. at 351. Further, Palmer cannot overcome the

default because he failed to show cause.  He says that he did not raise the issue to the state appellate court because it may have lacked jurisdiction to hear the claim after the state post-conviction trial court did not address it.  However, this does not explain why he did not even attempt to raise the claim in his state appeal, nor did he attempt to seek relief from the appellate court for the state post-conviction trial court's failure to address the claim.

Regardless, even if Palmer had shown cause for failing to exhaust Claim Four, he did not show that he was prejudiced.  In Claim Four, Palmer challenged a statement by a victim that, in addition to the sex offenses Palmer had committed on the victim, the victim had also seen Palmer and the victim's father with prostitutes they had hired.  But this statement about prostitution was just a small part of a long video interview within which the victim recounted several instances of abuse by Palmer.  Additionally, the state did not mention the prostitution in its opening or closing arguments.  On this record, we can find no reasonable probability that the statement affected the result of his trial.  *See Strickland*, 466 U.S. at 694.  Accordingly, the district court correctly concluded that Palmer had not overcome his procedural default of Claim Four, and we affirm as to this issue.  *See Campbell*, 353 F.3d at 892.

### III.

We also find no merit to Palmer's claim that the district court erred in concluding that he had not overcome his procedural default of Claims Eight and Nine.  In *Martinez*, the Supreme Court held that ineffective assistance of counsel, or lack of counsel, during

collateral proceedings that provide the first occasion to raise a claim of ineffective assistance at trial may establish cause for a prisoner's procedural default of a claim of ineffective assistance of trial counsel.  566 U.S. at 9, 13–14.  In these instances, the petitioner "must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the [petitioner] must demonstrate that the claim has some merit."  *Id.* at 14.  We've said that "substantial" has the same meaning as the standard for issuing a COA, which requires "a substantial showing of the denial of a constitutional right."  *Hittson v. GDCP Warden*, 759 F.3d 1210, 1269 (11th Cir. 2014) (quotations omitted).

For starters, the district court did not err in rejecting Claims Eighth and Nine on procedural grounds.  As Palmer has conceded, both claims were procedurally defaulted because he did not bring either claim before the state post-conviction trial court.  *See Peoples*, 489 U.S. at 351.

As for Claim Eight, the district court properly found that Palmer had not overcome the default because, even if *Martinez* applies, this claim was not "substantial."  Claim Eight appeared to be challenging testimony from the state's Child Protection Team interviewer that it was not unusual to see no physical evidence of abuse, and a follow-up question from the prosecution -- which was objected to and never answered -- about the rate of physical recovery after someone was anally abused.  To the extent Palmer was challenging the interviewer's testimony about whether it was common to see no injuries in circumstances like the victim's, her

testimony was based on her personal experience with cases she had been a part of; notably, she was not offering an opinion about whether injuries were common in these circumstances based on any medical knowledge she may have had. *See* Fla. Stat. § 90.604 (providing that witnesses may testify about matters with which they have personal knowledge). To the extent Palmer was challenging the question the state asked the interviewer about how quickly injuries like those the victim suffered would heal, the court sustained the objection from Palmer's attorney before she was able to answer, so there was no testimony about this on the record. Because the record makes clear that neither of these issues was "substantial" for purposes of *Martinez*, the district court properly found that ineffective assistance of counsel did not overcome Palmer's procedural default of the claim.

Neither was Claim Nine "substantial." In that claim, Palmer argued that counsel was ineffective for failing to impeach Officer Lopez at trial. Officer Lopez testified that Palmer had been "sweating profusely" during their interview, "had a very, very dry mouth," and had answered a lot of the questions with a question, which was "a sign of somebody trying to think of an answer." Palmer claimed that counsel should have impeached Lopez with a report from another officer, Detective Terry Roberts, about Palmer's demeanor that indicated that he had responded truthfully to two questions. However, the report -- which offered results from a computer voice stress exam -- had not been prepared by Lopez; rather, it was done by another officer and given to Lopez.

As a result, it was not a prior inconsistent statement with which defense counsel could have impeached Officer Lopez's testimony. *See* Fla. Stat. § 90.608 (providing that a party may attack the credibility of a witness using, among other things, *that witness*'s prior inconsistent statement).  Moreover, the document only concerned whether Palmer was truthful about those two questions, not about whether he was sweating, had a dry mouth, or answered Lopez's questions with questions, so it did not directly impeach Lopez's testimony. *See id.*  Because Palmer's trial counsel could not have been ineffective for failing to use the exam to try to impeach Lopez, this claim was not "substantial" for purposes of *Martinez*.  Therefore, the district court properly found that ineffective assistance of counsel did not overcome Palmer's procedural default of the claim.

Because Palmer did not properly raise Claims Four, Eight, and Nine before the state post-conviction court and no exception applies, they are procedurally defaulted.  Accordingly, we affirm.

**AFFIRMED.**